UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**WENTWORTH RATTRAY**
                    Plaintiff,

        -against-

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085,
  IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
POLICE OFFICER ALYSSA TRIGUENO, IN HER
  INDIVIDUAL AND OFFICIAL CAPACITY
                    Defendants,
_____

                                    **Motion for Extension of
                              Time to Serve Interrogatories,
                    Request for Admissions, and Document Requests**
                    **17-CV-8560** PGG (KHP)

Pro Se Plaintiff Wentworth Rattray, in the above entitled action requests the Hon. Paul G Gardephe, United States District Judge, grant Plaintiffs request for an order granting additional time, until November 14, 2020, for parties to serve interrogatories, request for admissions, and document requests.

In support of this request, Plaintiff has attached a copy of the interrogatories, request for admissions, and document requests hereto as Exhibit A.  Both request for admissions and document requests have been served on Defendant but were untimely and are included here for completeness. Defendants have also served on Plaintiff several discovery documents. The extent of which required substantial additional time and resources of Plaintiff to comply with to the extent possible. Parties have previously provided notification of this request in Defendant's November 6th, 2020 status-letter.

WHEREFORE, Plaintiff requests that the Court grant this request for additional time for parties to serve by extending the deadline until 11/14/2020 for parties to serve interrogatories, request for admissions, and document requests.

    Dated: November 7th, 2020
            New York, New York

                        Wentworth Rattray, Pro Se //
                        Wentworth Rattray, Plaintiff
                        42 West 120th Street, #3C
                        New York, New York 10027
                            917-353-9675

**Memo Endorsed:** Magistrate Judge Parker, to whom this case has been referred for General Pretrial (see Dkt. No. 106), will address this request.

SO ORDERED.

_Paul E. Gardephe_
_____
Paul G. Gardephe
United States District Judge

Dated: November 10, 2020

UNITED STATES DISTRICT COURT FOR THE
<u>SOUTHERN DISTRICT OF NEW YORK</u>

**Requests for Defendants' Admissions
11/02/2020**

WENTWORTH RATTRAY

Civil Case  #:<u>**17-CV-8560**</u> **PGG**

**Plaintiff**,

-against-

POLICE OFFICER JOSE CADAVID, BADGE NO.
 9085, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; and
POLICE OFFICER ALYSSA TRIGUENO,
 IN HER INDIVIDUAL AND OFFICIAL CAPACITY,

**Defendants**

_____

Plaintiff, Wentworth Rattray, pro se, sets forth the following questions seeking admissions from Defendant Alyssa Trigueno in response to the Plaintiff's numbered questions below, Plaintiff demands a response and serves on Defendant 11/2/2020.

1      Does Defendant NYPD Police Officer Trigueno admit that [TAC Appendix_1-TAC-B] and [TAC Appendix_1-TAC-C] are accurate representation of the timeline of events document and the DIR of the incident Event Chronology D16110518835 and DIR#2016-028-010736 as they reside in NYPD information repositories (excluding areas of any redactions)?

3      Does Defendant NYPD Police Officer Trigueno admit to having no knowledge of any accusation that Plaintiff broke any laws, ordinances, rules, or policies at any time on 11/16/2016 as related to Event Chronology D16110518835  [TAC Appendix_1-TAC-B pg. 2 18:00:00 thru 20:15:25]?

5      Does Defendant NYPD Police Officer Trigueno admit that Officer Trigueno was the police officer responsible for creating the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835?

6      Does Defendant NYPD Police Officer Trigueno admit that NYPD employee 345302 entered information for DIR#2016-028-010736 based on information received from Officer Trigueno as purportedly based on the pertinent events occurring concurrently with, immediately before and after the Incident defined in Event Chronology D16110518835.

1

7       Does Defendant NYPD Police Officer Trigueno admit to not providing Plaintiff any information about or any copy of the report prepared at the scene on 11/05/2016 and purportedly provided to Sandy, Wendy M. as indicated in field titled [Was DIR given to the victim at the scene?] of the DIR#2016-028-010736?

8       Does Defendant NYPD Police Officer Trigueno admit that Trigueno was not acting on information or knowledge of any warrant issued by any court to search or to retrieve any person, property, or information from inside Plaintiff's home, during, or after the Incident?

9       Does Defendant NYPD Police Officer Trigueno admit that NYPD Police Officer Jose Cadavid entered Plaintiff's home over Plaintiff's expressed refusal during the Incident on 11/16/2016 as documented in Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 20:15:25]?

10      Does Defendant NYPD Police Officer Trigueno admit to, by stating the start, end, and the duration of time Officer Cadavid remained in Plaintiff's home against Plaintiff's wish during the Incident in Event Chronology D16110518835?

11      Does Defendant NYPD Police Officer Trigueno admit that she did not enter Plaintiff's home at any time during the Incident on 11/05/2016 as documented in Event Chronology D16110518835?

12      Does Defendant NYPD Police Officer Alyssa Trigueno now admit by stating the start, end, and the duration of time Officer Trigueno remained outside Plaintiff's doorway during the Incident in Event Chronology D16110518835?

13      Does Defendant NYPD Police Officer Trigueno admit that she saw Officer Cadavid enter Plaintiff's home as indicated in the details of the Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 20:15:25]?

15      Does Defendant NYPD Police Officer Alyssa Trigueno now admit that she was directed to omit information that reflected Cadavid's search of Plaintiff's home from the details of the DIR report DIR#2016-028-010736?

16      Does Defendant NYPD Police Officer Alyssa Trigueno now admit that she directed NYPD employee 345302 to omit information that reflected Cadavid's hour long detaining of Plaintiff in Plaintiff's home from the details of the DIR report DIR#2016-028-010736?

18      Does Defendant NYPD Police Officer Alyssa Trigueno admit that Officer Trigueno was not told or shown documents by Sandy, Wendy M. that "[Sandy, Wendy M.] shared joint custody" with Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Incident Narrative]?

20      Will Defendant NYPD Police Officer Alyssa Trigueno admit that she did not initiate any adverse police report or charges against Sandy, Wendy M. concerning making a false report or for making false statements in a police report, specifically in report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Incident Narrative]?

21      Does Defendant NYPD Police Officer Alyssa Trigueno admit by stating what, if anything, she told Officer Mervin Bautista about the Incident prior to Bautista signing DIR#2016-028-010736 on 11/08/2020, including about Cadavid's search and about Plaintiff's complaint of an unwarranted search of Plaintiff's home as documented in Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 19:15:30]?

22      Does Defendant NYPD Police Officer Alyssa Trigueno admit to now having knowledge of Defendant NYPD Police Officer Jose Cadavid's previous romantic interest in her?

23      Does Defendant NYPD Police Officer Trigueno admit that Officer Trigueno was not told by the Sandy, Wendy M. that she was fearful of Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Did suspect make victim fearful]?

24      Does Defendant NYPD Police Officer Trigueno admit that Officer Cadavid was not told by the Sandy, Wendy M. that she was fearful of Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Did suspect make victim fearful]?

25      Does Defendant NYPD Police Officer Trigueno admit that the field titled [Unfounded] and marked as "NO" is not an accurate reflection of Officer Trigueno understanding of the Incident at the time the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 was completed?

26      Does Defendant NYPD Police Officer Alyssa Trigueno now admit that the field titled [Unfounded] and marked as "NO" is not an accurate reflection, according to NYPD policy, of the Incident captured in the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 and the custody documents in the complaint [TAC Appendix_1-TAC-P]?

3

27     Does Defendant NYPD Police Officer Trigueno admit that no Form 710.30 was completed based on the Incident DIR report DIR#2016-028-010736 based on Event Chronology D16110518835?

28     Was the field titled [Was DIR given to the victim at the scene?] and marked as "YES" correctly reflect Officer Trigueno understanding of the Incident at the time the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 was completed?

29     Does Defendant NYPD Police Officer Trigueno admit that no "copy of" or information about the existence of DIR#2016-028-010736 or any DIR was provided to Plaintiff based on Event Chronology D16110518835 during or after the Incident?


**Dated**: November 2nd, 2020                                      Sincerely,
New York, New York                                                 Wentworth Rattray
INDEX #:**17-CV-8560 PGG**
New York Law Dept. #: 2017-072095                                  Wentworth Rattray, Pro Se
                                                                   42 West 120th Street, #3C
                                                                   New York, NY, 10027
                                                                   917-353-9675
                                                                   garyrattray@yahoo.com

**TO**: The City of New York
Corporation Counsel Office
 Kathleen Reilly
JAMES E. JOHNSON, Corporation Counsel
100 Church Street, 4th floor
New York, NY 10007

PO CaDavid - Shield #9085
PO Alyssa Trigueno –
1 Police Plaza S-139
New York, New York, 10038

(212) 678-1611

## **VERIFICATION**

I Wentworth Rattray as the Plaintiff in this action in Southern District of New York Court (Index #17-CV-8560 PGG), declare under penalty of perjury under the laws of the State of New York that I have read the above Request for Admissions and require truthful and complete responses from Defendants in order to meet the burden of proof in the instant case.

Plaintiff seeks these answers to evidence the state of mind of actors before, during, and following the Incident in the instant case and all requests are relevant to Plaintiff's case. These questions are formulated without Plaintiff's ability to review key documents under the control of the NYPD and the City of New York and Plaintiff may amend statements after reviewing the relevant records of The City of New York, the NYPD, the 911 operator's recordings, and the responding officers' notes, medical, disciplinary, and relationship history.

INDEX #:17-CV-8560 PGG

New York Law Dept. #: 2017-072095

Executed:

November 2nd, 2020,

New York, NY

Wentworth Rattray

Wentworth Rattray, Plaintiff, Pro Se

UNITED STATES DISTRICT COURT FOR THE
<u>SOUTHERN DISTRICT OF NEW YORK</u>

**Requests for Defendants' Admissions
11/02/2020**

WENTWORTH RATTRAY

Civil Case  #:<u>**17-CV-8560**</u> **PGG**

      **Plaintiff**,

   -against-

POLICE OFFICER JOSE CADAVID, BADGE NO.
 9085, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; and
POLICE OFFICER ALYSSA TRIGUENO,
 IN HER INDIVIDUAL AND OFFICIAL CAPACITY,

      **Defendants**

_____

Plaintiff, Wentworth Rattray, pro se, sets forth the following questions seeking admissions from Defendant NYPD Police Officer Jose Cadavid in response to the Plaintiff's numbered questions below, Plaintiff demands a response and serves on Defendant 11/2/2020.

1   Does Defendant NYPD Police Officer Jose Cadavid admit that [TAC Appendix_1-TAC-B] and [TAC Appendix_1-TAC-C] are accurate representation of the timeline of events document and the DIR of the incident Event Chronology D16110518835 and DIR#2016-028-010736 as they reside in NYPD information repositories (excluding areas of any redactions)?

3   Does Defendant NYPD Police Officer Jose Cadavid admit to having no knowledge of any accusation that Plaintiff broke any laws, ordinances, rules, or policies at any time on 11/16/2016 as related to Event Chronology D16110518835 [TAC Appendix_1-TAC-B pg. 2 18:00:00 thru 20:15:25]?

4   Does Defendant NYPD Police Officer Jose Cadavid admit that he was never told by the Sandy, Wendy M. that she shared joint custody with Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 in the field labeled [Incident Narrative] [Appendix_1-TAC-C pg. 2] based on Event Chronology D16110518835?

1

5       Does Defendant NYPD Police Officer Jose Cadavid admit that Officer Trigueno was the police officer charged with creating the DIR report DIR#2016-028-010736 based on the Incident described in Event Chronology D16110518835?

6       Does Defendant NYPD Police Officer Jose Cadavid admit that NYPD employee 345302 entered information for DIR#2016-028-010736 based on information received from NYPD Officer Alyssa Trigueno as purportedly based on the pertinent events occurring concurrently with, immediately before and after the Incident defined in Event Chronology D16110518835.

7       Does Defendant NYPD Police Officer Jose Cadavid admit to not providing Plaintiff notification or digital or hand-written copy of the report or the report number of the report prepared at the scene on 11/05/2016 and purportedly provided to Sandy, Wendy M. as indicated in field titled [Was DIR given to the victim at the scene?] of the DIR#2016-028-010736?

8       Does Defendant NYPD Police Officer Jose Cadavid admit that Cadavid was not acting on information or knowledge of any warrant issued by any court to search or to retrieve any person, property, or information from inside Plaintiff's home, during, or after the Incident?

9       Does Defendant NYPD Police Officer Jose Cadavid admit that he entered Plaintiff's home over Plaintiff's expressed refusal to grant access during the Incident on 11/05/2016 as documented in Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 20:15:25]??

10      Does Defendant NYPD Police Officer Jose Cadavid admit to, by stating the start, end, and the duration of time Officer Cadavid remained in Plaintiff's home against Plaintiff's wish during the Incident in Event Chronology D16110518835?

11      Does Defendant NYPD Police Officer Jose Cadavid admit that he did not observe Officer Trigueno enter Plaintiff's home at any time during the Incident on 11/16/2016 as documented in Event Chronology D16110518835?

15      Does Defendant NYPD Police Officer Jose Cadavid now admit that he directed Officer Trigueno to omit information that reflected Cadavid's search of Plaintiff's home from the details of the DIR report DIR#2016-028-010736?

2

16      Does Defendant NYPD Police Officer Jose Cadavid now admit that he directed NYPD employee 345302 to omit information that reflected Cadavid's hour long detaining of Plaintiff in Plaintiff's home from the details of the DIR report DIR#2016-028-010736?

18      Does Defendant NYPD Police Officer Jose Cadavid admit by stating that he was not told by Sandy, Wendy M. that "[Sandy, Wendy M.] shared joint custody" with Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Incident Narrative]?

19      Does Defendant NYPD Police Officer Jose Cadavid admit by stating that he was not shown documents by Sandy, Wendy M. that she had sole or joint custody with Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Incident Narrative]?

20      Will Defendant NYPD Police Officer Jose Cadavid admit that he did not initiate any adverse police report or charges against Sandy, Wendy M. concerning making a false report or for making false statements in a police report, specifically in report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Incident Narrative]?

21      Does Defendant NYPD Police Officer Jose Cadavid admit by stating the communications with Officer Mervin Bautista that included information that Officer Cadavid was being accused of conducting an unwarranted search of Plaintiff's home as documented in Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 19:15:30] prior to Bautista signing DIR#2016-028-010736 on 11/08/2020.

22      Does Defendant NYPD Police Officer Jose Cadavid admit to a romantic relationship with Defendant NYPD Police Officer Jose Cadavid?

24      Does Defendant NYPD Police Officer Jose Cadavid admit that Officer Cadavid was not told by Sandy, Wendy M. that Sandy, Wendy M. was fearful of Plaintiff as indicated in the details of the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 in the field labeled [Did suspect make victim fearful]?

25      Does Defendant NYPD Police Officer Jose Cadavid admit that the field titled [Unfounded] and marked as "NO" is not an accurate reflection of Officer Jose Cadavid understanding of the Incident at the time the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 was completed?

3

27      Does Defendant NYPD Police Officer Jose Cadavid admit that no Form 710.30 was completed based on the Incident DIR report DIR#2016-028-010736 based on Event Chronology D16110518835?

28      Does Defendant NYPD Police Officer Jose Cadavid admit that the field titled [Was DIR given to the victim at the scene?] and marked as "YES" does not reflect Officer Jose Cadavid's understanding of the Incident at the time the DIR report DIR#2016-028-010736 based on Event Chronology D16110518835 was completed?

29      Does Defendant NYPD Police Officer Jose Cadavid admit that no "copy of" or information about the existence of DIR#2016-028-010736 or any DIR was provided to Plaintiff based on Event Chronology D16110518835 during or after the Incident?

30      Does Defendant NYPD Police Officer Jose Cadavid admit, by providing details of previous complaints against himself, that other New Yorkers have accused Cadavid of retaliatory arrests and other abuses of authority in the past, including substantiated or unsubstantiated complaints (e.g., complaints accusing Cadavid of using force, or of retaliating against a complaining suspect)?

33      Does Defendant NYPD Police Officer Jose Cadavid admit that no disciplinary actions that were taken by supervisor Officer Mervin Bautista or any NYPD officer against NYPD Officer Cadavid as a result of the actions alleged as documented in Event Chronology D16110518835 [TAC appendix_1-TAC pg. 2 19:12:25 thru 20:15:25] or in the subsequent IAB report?

**Dated**: November 2nd, 2020
New York, New York
INDEX #:**17-CV-8560** PGG
New York Law Dept. #: 2017-072095

**TO**: The City of New York
Corporation Counsel Office
 Kathleen Reilly
JAMES E. JOHNSON, Corporation
Counsel
100 Church Street, 4th floor
New York, NY 10007

PO Jose Cadavid - Shield #9085
PO Alyssa Trigueno –
1 Police Plaza S-139
New York, New York, 10038

(212) 678-1611

Sincerely,
Wentworth Rattray

Wentworth Rattray, Pro Se
42 West 120th Street, #3C
New York, NY, 10027
917-353-9675
garyrattray@yahoo.com

4

## <u>VERIFICATION</u>

I Wentworth Rattray as the Plaintiff in this action in Southern District of New York Court (Index #<u>17-CV-8560</u> <u>PGG</u>), declare under penalty of perjury under the laws of the State of New York that I have read the above Request for Admissions and require truthful and complete responses from Defendants in order to meet the burden of proof in the instant case.

Plaintiff seeks these answers to evidence the state of mind of actors before, during, and following the Incident in the instant case and all requests are relevant to Plaintiff's case. These questions are formulated without Plaintiff's ability to review key documents under the control of the NYPD and the City of New York and Plaintiff may amend statements after reviewing the relevant records of The City of New York, the NYPD, the 911 operator's recordings, and the responding officers' notes, medical, disciplinary, and relationship history.

INDEX #:<u>17-CV-8560 PGG</u>

New York Law Dept. #: 2017-072095

Executed:

November 2nd, 2020,

New York, NY

<u>Wentworth Rattray</u>

Wentworth Rattray, Plaintiff, Pro Se

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Discovery –
**PLAINTIFF'S FIRST SET OF
INTERROGATORIES SERVED ON
DEFENDANT TRIGUENO**

WENTWORTH RATTRAY

     Plaintiff,

    -against-

**THE CITY OF NEW YORK**;

POLICE OFFICER ALYSSA TRIGUENO, BADGE NO. 9085,

IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;

POLICE OFFICER ALYSSA TRIGUENO, IN HER

INDIVIDUAL AND OFFICIAL CAPACITY.

     Defendants,

_____

INDEX #: __17 CV 8560__

New York Law Dept. #: <u>2017-072095</u>

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, Plaintiff hereby request that Defendant NYPD Police Officer Alyssa Trigueno deliver to the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below in electronic format to Wentworth Rattray garyrattray@yahoo.com or if unable to send via email then, within thirty (31) days after receipt of this transmission, send to the following address via express mail;

Wentworth Rattray

42 West 120th Street, #3C

New York, New York 10007

These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant NYPD Police Officer Alyssa Trigueno obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant Trigueno shall, within eight days, and in no event later than seven days before trial, serve upon Plaintiff supplemental sworn written answers setting forth such additional information and documents.

INSTRUCTIONS

1

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

DEFINITIONS

3.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

4.      As used herein, the term "Incident" refers to the events, allegations, actions, and communications described in the complaint beginning November 05th 2016.

INTERROGATORIES

A.      Identify all persons or agency official who witnessed, were present at, have knowledge of the Incident, have custody and control of, or can produce documents, including the home and business addresses and telephone numbers of each such person. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that physical appearance, last known location, and any other relevant identifying information.

| Number | Question |
|---|---|
| 2 | What time did you, Alyssa Trigueno, begin your patrol duty on November 5th 2016? |
| 6 | How many DIR calls have you, Alyssa Trigueno, responded to in your time at the NYPD? |
| 7 | How many times had you, Alyssa Trigueno, used force to enter a home? |
| 8 | How many times had you, Alyssa Trigueno, used force to remove a child from a home? |
| 9 | How many times had you, Alyssa Trigueno, seen another officer making what you thought was a mistake? |
| 10 | Knowing what you, Alyssa Trigueno, know today do you believe the minor child you were looking for was in danger during the Incident? |
| 17 | What time did you, Alyssa Trigueno, receive the call to the address 42 West 120th Street on 11/05/2016? |
| 18 | Based on your training and or belief what are the most dangerous types of calls or runs that you get? |
| 20 | What did you write in your log-book that the call would be about? |
| 21 | What time did you arrive at, and leave the scene of the Incident? |
| 72 | At the time what evidence did you, Alyssa Trigueno have that created suspicion that Mr. Rattray was dangerous? |
| 74 | What crime if any did you, Alyssa Trigueno, suspect that Plaintiff had committed? |
| 76 | Which law did the child's mother, the initial 911-caller, report that Plaintiff had broken or was breaking? |
| 77 | Officer Alyssa Trigueno, evidence that you know by stating NYPD's code of conduct in full. |
| 79 | Which sorts of unwritten rules did officer Cadavid tell you is expected of you as a junior NYPD police officer to know or follow even though they are not in the official code of conduct? |

**Dated**: November 7th, 2020                                Sincerely,
New York, New York

                                                          Wentworth Rattray, pro se //

                                                          Wentworth Rattray, Pro Se
                                                          42 West 120th Street, #3C
                                                          New York, NY, 10027
                                                          917-353-9675
                                                          garyrattray@yahoo.com

**TO**: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

PO CaDavid - Shield #9085
NYPD 28th Pct.
2271-89 8th Ave
New York, New York, 10027-5319

(212) 678-1611

PO Alyssa Trigueno –
NYPD 28th Pct.
2271-89 8th Ave
New York, New York, 10027-5319

UNITED STATES DISTRICT COURT FOR THE                        **Notice of Deposition**
SOUTHERN DISTRICT OF NEW YORK


WENTWORTH RATTRAY                                           INDEX #:**17 CV 8560**

                                        Plaintiff,          New York Law Dept. #: <u>2017-072095</u>

        -against-

POLICE OFFICER ALYSSA TRIGUENO, BADGE NO. 9085,

   IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;

POLICE OFFICER ALYSSA TRIGUENO, IN HER INDIVIDUAL

   AND OFFICIAL CAPACITY.

                                        Defendants


      **Please take notice**, that pursuant to Article 31 of the Civil Practice Law and Rules Wentworth Rattray,

Plaintiff, Pro Se, will take by deposition the testimony of adverse party NYPD Police Officer Alyssa Trigueno at a

time and date to be mutually agreed upon.


      **Please take further notice**, that at the time of the taking of the testimony the said adverse parties shall

produce all books, verified copies electronic recordings, papers, and notes regarding the incident in their possession or

under their control relating to the issues on which said parties are to be examined and upon failure to so produce them,

parol and/or secondary evidence thereof and of the contents of the same will be required.


Dated: <u>11/07/2020</u>


                                        Yours Truly,

                                        <u>Wentworth Rattray, Pro Se //</u>
                                        Wentworth Rattray, Plaintiff, Pro Se
                                        42 West 120th Street #3C
                                        New York, NY, 10027


To:

JAMES E. JOHNSON, Corporation Counsel
City of New York
100 Church Street, 4th floor
New York, NY 10007


4

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Discovery –
**PLAINTIFF'S FIRST SET OF
INTERROGATORIES SERVED ON
DEFENDANT CADAVID**

WENTWORTH RATTRAY

                Plaintiff,

          **-against-**

**THE CITY OF NEW YORK**;

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085,

IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;

POLICE OFFICER ALYSSA TRIGUENO, IN HER

INDIVIDUAL AND OFFICIAL CAPACITY.

             Defendants,

INDEX #: <u>**17 CV 8560**</u>

New York Law Dept. #: <u>2017-072095</u>

_____

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, Plaintiff hereby request that Defendant NYPD Police Officer Jose Cadavid deliver to the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below in electronic format to Wentworth Rattray garyrattray@yahoo.com or if unable to send via email then, within thirty (31) days after receipt of this transmission, send to the following address via express mail;

Wentworth Rattray

42 West 120th Street, #3C

New York, New York 10007

These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant NYPD Police Officer Jose Cadavid obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant Cadavid shall, within eight days, and in no event later than seven days before trial, serve upon Plaintiff supplemental sworn written answers setting forth such additional information and documents.

INSTRUCTIONS

1

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

DEFINITIONS

3.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

4.      As used herein, the term "Incident" refers to the events, allegations, actions, and communications described in the complaint beginning November 05th 2016.

INTERROGATORIES

A.      Identify all persons or agency official who witnessed, were present at, have knowledge of the Incident, have custody and control of, or can produce documents, including the home and business addresses and telephone numbers of each such person. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that physical appearance, last known location, and any other relevant identifying information.

| Number | Question |
|---|---|
| 2 | What time did you, Jose Cadavid, begin your patrol duty on November 5th 2016? |
| 6 | How many DIR calls have you, Jose Cadavid, responded to in your time at the NYPD? |
| 7 | How many times had you, Jose Cadavid, used or seen force used to enter a home? |
| 8 | How many times had you, Jose Cadavid, used force to remove a child from a home? |
| 9 | How many times had you, Jose Cadavid, seen or been a part of a mistake being made? |
| 10 | Knowing what you, Jose Cadavid, know today do you believe the minor child you were looking for was in danger during the Incident? |
| 13 | Do you, Jose Cadavid, now believe that your actions on 11/05/2016 was a mistake? |
| 17 | What time did you, Jose Cadavid, receive the call to the address 42 West 120th Street on 11/05/2016? |
| 18 | Based on your training and or belief what are the most dangerous types of calls or runs that you get? |
| 20 | What did you think the call was going to be about? |
| 21 | What time did you arrive at, and leave the scene of the Incident? |
| 72 | Did you, Jose Cadavid, see Mr. Rattray participating in any behavior that was unlawful or dangerous to anyone? |
| 74 | What crime did you, Jose Cadavid, suspect that Plaintiff had committed? |
| 76 | Which law did the child's mother, the initial 911-caller, report that Plaintiff had broken or was breaking? |
| 77 | Are you, Jose Cadavid, aware of a code of conduct in the NYPD's police department? |

2

79      Which practices are you aware of that every officer is expected to know that isn't in that official code of conduct with regards to backing up your partner on a call?

**Dated**: November 7th, 2020                          Sincerely,
New York, New York

                                                         Wentworth Rattray, pro se //

                                                         Wentworth Rattray, Pro Se
                                                         42 West 120th Street, #3C
                                                         New York, NY, 10027
                                                         917-353-9675
                                                         garyrattray@yahoo.com

**TO**: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

PO CaDavid - Shield #9085
NYPD 28th Pct.
2271-89 8th Ave
New York, New York, 10027-5319

(212) 678-1611

PO Alyssa Trigueno –
NYPD 28th Pct.
2271-89 8th Ave
New York, New York, 10027-5319

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**Notice of Deposition**

WENTWORTH RATTRAY

INDEX #:**17 CV 8560**

Plaintiff,

New York Law Dept. #: 2017-072095

-against-

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085,
  IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
POLICE OFFICER ALYSSA TRIGUENO, IN HER INDIVIDUAL
  AND OFFICIAL CAPACITY.

Defendants

    **Please take notice**, that pursuant to Article 31 of the Civil Practice Law and Rules Wentworth Rattray, Plaintiff, Pro Se, will take by deposition the testimony of adverse party NYPD Police Officer Jose Cadavid at a time and date to be mutually agreed upon.

    **Please take further notice**, that at the time of the taking of the testimony the said adverse parties shall produce all books, verified copies electronic recordings, papers, and notes regarding the incident in their possession or under their control relating to the issues on which said parties are to be examined and upon failure to so produce them, parol and/or secondary evidence thereof and of the contents of the same will be required.

Dated: 11/07/2020

Yours Truly,

Wentworth Rattray, Pro Se //
Wentworth Rattray, Plaintiff, Pro Se
42 West 120th Street #3C
New York, NY, 10027

To:

JAMES E. JOHNSON, Corporation Counsel
City of New York
100 Church Street, 4th floor
New York, NY 10007

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Discovery –

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES SERVED ON
DEFENDANTS**

WENTWORTH RATTRAY

                    Plaintiff,

              **-against-**

**THE CITY OF NEW YORK**;

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085,

IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;

POLICE OFFICER ALYSSA TRIGUENO, IN HER

INDIVIDUAL AND OFFICIAL CAPACITY.

                   Defendants,

_____

INDEX #: **<u>17 CV 8560</u>**

GC Law Dept. #: <u>9085</u>

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, Plaintiff hereby request that Defendant NYPD Police Officer Jose Cadavid deliver to the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below in electronic format to Wentworth Rattray <u>garyrattray@yahoo.com</u> or if unable to send via email then, within thirty (31) days after receipt of this transmission, send to the following address via express mail;

Wentworth Rattray

42 West 120th Street, #3C

New York, New York 10007

These document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant NYPD Police Officer Jose Cadavid obtains or becomes aware of additional information pertaining to any of these document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant Cadavid shall, within eight days, and in no event later than seven days before trial, serve upon Plaintiff supplemental those documents.

INSTRUCTIONS

1.      If the answer to all or any part of document is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information or document called for by this document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

1

# DEFINITIONS

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2.      As used herein, the term "**Incident**" refers to the events, allegations, actions, and communications described in the complaint beginning November 05th 2016.

# DOCUMENT REQUEST

Provide the following to Plaintiff in electronic form (.zip compressed format for written PDF document files and standard .MP4 format for video, audio, and photographic documents).

| | Electronic_unredacted_digital_documents_requested | Relevant Period Begin | Relevant Period End |
|---|---|---|---|
| 1 | Produce complete unredacted copies of each law, ordinance, or regulation officer's believed Plaintiff, Mr. Rattray, was in violation of during the November 5th, 2016 **Incident** described in Event Chronology -- D16110518835]. | November 5th, 2016 | November 5th, 2016 |
| 2 | Based on information and belief available now, produce copies of each law, ordinance, or regulation Wendy Sandy was in violation of during the November 5th 2016 **Incident** described in Event Chronology -- D16110518835 (Example: Custodial Interference, Making False Reporting). | November 5th, 2016 | November 5th, 2016 |
| 3 | Produce complete unredacted copies of any signed warrants authorizing the search of Plaintiff's home. | October 20th, 2016 | November 5th, 2016 |
| 4 | Produce complete unredacted copies of law or ordinance that Officer Cadavid was investigating or duty **Cadavid** was exercising. | November 5th, 2016 | November 5th, 2016 |
| 5 | Produce complete unredacted copies of written, video, and audio statements made of events before, during, or after the Incident and indication which if any indicates Plaintiff, Wentworth Rattray was committing a crime on 05 November 2016 (Event Chronology -- D16110518835) | October 20th, 2016 | November 5th, 2016 |
| 6 | Produce complete unredacted copies of written, video, and audio statements made by Officer Cadavid regarding 05 November 2016 incident at Plaintiff's home (E.g., Internal Affairs Bureau (IAB) report # 2016-43035, Event Chronology -- D16110518835) | November 5th, 2016 | November 5th, 2016 |
| 7 | Produce complete unredacted copies of make model and capacity of all equipment carried on defendant NYPD Officer Cadavid's person during 05 November 2016 incident at Plaintiff's home (E.g., Pepper-spray [5-oz], Pistol- Glock 19 [9mm]) and indications of capacity and if loaded, chambered, deployed/holstered. | November 5th, 2016 | November 5th, 2016 |

2

| | | | |
|---|---|---|---|
| 8 | All statements and reports made regarding the search of, and detention of Plaintiff in, Plaintiff's home filed by NYPD Police Officers Cadavid, Bautista, and Trigueno regarding the 5 November 2016 incident at 42 West 120th Street Unit #3C New York, NY 10027: Including a. Officer's notes of investigating officer, b. Shift logs, c. Stop and frisk reports, d. Detention reports, e. Internal Affairs Bureau reports, and f. Officer Cadavid's statements | November 5th, 2016 | November 5th, 2016 |
| 9 | Produce complete unredacted copies of law, policy, and authority that Officer Cadavid relied on in conducting the unwarranted search of Plaintiff's home on 11/05/2016. (E.g., Family Offenses/Domestic Violence [PG 208-36]) | November 5th, 2016 | November 10th, 2016 |
| 10 | Produce complete unredacted copies of Cadavid's original notes used to support and create the domestic incident report. | November 5th, 2016 | November 10th, 2016 |
| 11 | Produce complete unredacted copies of Trigueno's original notes used to support and create the domestic incident report. | November 5th, 2016 | November 10th, 2016 |
| 12 | Produce complete unredacted copies of all original or signed copies of the domestic incident report used to support and create the domestic incident report. | November 5th, 2016 | November 10th, 2016 |
| 13 | Officer Cadavid's probable cause statement to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. | November 5th, 2016 | October 20th, 2020 |
| 14 | Officer Jose Cadavid's marital status and number of dependents in spreadsheet or csv table format listing fields for: Event_Date, Number_of_Dependents, Marital_Status | November 5th, 2011 | October 20th, 2020 |
| 15 | Officer Alyssa Trigueno's marital status and number of dependents in spreadsheet or csv table format listing fields for: Event_Date, Number_of_Dependents, Marital_Status | November 5th, 2011 | October 20th, 2020 |
| 16 | Produce complete unredacted electronic records of the content of Police Officer Alyssa Trigueno's **Text** communications to Police Officer Jose Cadavid from NYPD issued phones. | October 5th, 2016 | October 20th, 2020 |
| 17 | Produce complete unredacted electronic records of the content of Police Officer Jose Cadavid's **Text** communications to Police Officer Alyssa Trigueno from NYPD issued phones. | October 5th, 2016 | October 20th, 2020 |
| 18 | Produce complete unredacted copies of Trigueno's encounter records in spreadsheet or csv table format listing fields for: Incident_Date, age_of_subject, gender_of_subject, race_of_subject, location, time_of_day | November 5th, 2011 | October 20th, 2020 |

3

| 19 | Produce complete unredacted copies of Cadavid's medical records in spreadsheet or csv table format listing incidences of suspected substance abuse. Include fields for: Date,Treatment_notes, Treatment_subject,  location, time_of_day, Substance_Abuse_Indicated, Medication_prescribed | November 5th, 2011 | October 20th, 2020 |
|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------------------|---------------------|
| 20 | Produce complete unredacted copies of Trigueno's medical records in spreadsheet or csv table format listing incidences of suspected substance abuse. Include fields for: Date,Treatment_notes, Treatment_subject,  location, time_of_day, Substance_Abuse_Indicated, Medication_prescribed | November 5th, 2011 | October 20th, 2020 |
| 21 | Produce complete unredacted copies of Cadavid's Psychiatric, Psychological mental health therapy and treatment records in spreadsheet or csv table format listing incidences of suspected substance abuse. Include fields for: Date, Provider, Treatment_notes, Treatment_subject,  location, time_of_day, Substance_Abuse_Indicated, Medication_prescribed | November 5th, 2011 | October 20th, 2020 |
| 22 | Produce complete unredacted copies of Trigueno's  Psychiatric, Psychological mental health therapy and treatment records in spreadsheet or csv table format listing incidences of suspected substance abuse. Include fields for: Date, Provider, Treatment_notes, Treatment_subject, location, time_of_day, Substance_Abuse_Indicated, Medication_prescribed | November 5th, 2011 | October 20th, 2020 |
| 23 | Produce complete unredacted copies of Cadavid's Training records in spreadsheet or csv table format listing fields for: Training_Date, Training_Topic, Training_Category, Training_Duration,  Training_Format_InPerson_vs_Online, DueBy_date, Instructor_Name | November 5th, 2011 | October 20th, 2020 |
| 24 | Produce complete unredacted copies of courses that reflect Cadavid's Training on the law: Training_Date, Training_Topic, Training_Category, Training_Duration, Training_Format_InPerson_vs_Online, DueBy_date, Instructor_Name | November 5th, 2011 | October 20th, 2020 |
| 25 | Produce complete unredacted copies of Trigueno's Training records in spreadsheet or csv table format listing fields for: Training_Date, Training_Topic, Training_Category, Training_Duration,  Training_Format_InPerson_vs_Online, DueBy_date, Instructor_Name | November 5th, 2011 | October 20th, 2020 |
| 26 | Produce complete unredacted copies of complaints lodged against Officer Jose Cadavid, including lawsuits and CCRB substantiated and unsubstantiated complaints in csv file format listing fields | November 5th, 2011 | October 20th, 2020 |

4

for: Event_Date, Complaint_Description, Resolution, Describe_Disciplinary_actions_taken

| 27 | Produce complete unredacted copies of complaints lodged against Officer Trigueno, including lawsuits and CCRB substantiated and unsubstantiated complaints in csv file format listing fields for: Event_Date, Complaint_Description, Resolution, Describe_Disciplinary_actions_taken | November 5th, 2011 | October 20th, 2020 |
| --- | --- | --- | --- |
| 28 | Produce complete unredacted copies of NYPD police Officer Cadavid's shift schedule from 10/30/2016 to 10/20/2020 | October 30th, 2016 | October 20th, 2020 |
| 29 | Produce complete unredacted copies of NYPD police Officer Trigueno's shift schedule from 10/30/2016 to October 20th 2020 | October 30th, 2016 | October 20th, 2020 |
| 30 | Produce complete unredacted copies of NYPD police Officer Cadavid's unredacted disciplinary records from October 30th 2011 to October 20th 2020 [fields: Incident_Date, Incident_Description, Disciplinary_Action, Supervisor ] | October 30th, 2011 | October 20th, 2020 |
| 31 | Produce complete unredacted copies of NYPD police Officer Trigueno's unredacted disciplinary records from October 30th 2011 to October 20th 2020 [fields: Incident_Date, Incident_Description, Disciplinary_Action, Supervisor ] | October 30th, 2011 | October 20th, 2020 |
| 32 | Produce complete unredacted copies of NYPD police Officer Cadavid's non-NYPD-employer record and work-schedule from October 30th 2016 to November 12th 2016 | November 5th, 2016 | October 20th, 2020 |
| 33 | Produce complete unredacted copies of NYPD police Officer Trigueno's non-NYPD-employer record and work-schedule from October 30th 2016 to November 12th 2016 | November 5th, 2016 | October 20th, 2020 |
| 34 | Produce complete unredacted copies of Cadavid's unredacted Performance Evaluations fields: Evaluation_Date, Evaluation_rating, Evaluation_ranking, Evaluator_Name, Supervisor, DueBy_date, Commentary | November 5th, 2011 | October 20th, 2020 |
| 35 | Produce complete unredacted copies of Trigueno's unredacted Performance Evaluations fields: Evaluation_Date, Evaluation_rating, Evaluation_ranking, Evaluator_Name, Supervisor, DueBy_date, Commentary | November 5th, 2011 | October 20th, 2020 |
| 36 | Produce complete unredacted copies of Cadavid's unredacted substance abuse treatment record. | November 5th, 2011 | October 20th, 2020 |
| 37 | Produce complete unredacted copies of Trigueno's unredacted substance abuse treatment record. | November 5th, 2011 | October 20th, 2020 |

| | | | |
|---|---|---|---|
| 38 | Produce complete unredacted copies of electronic access logs, assignment, and process logs for Domestic Incident Report (DIR#2016-028-10736) | November 5th, 2016 | October 20th, 2020 |
| 39 | Produce complete unredacted copies of electronic access logs, assignment, and process logs relating to the Incident described in Event Chronology -- D16110518835 | November 5th, 2016 | October 20th, 2020 |
| 40 | Produce complete unredacted copies of all AIDED reports produced for the November 5th, 2016 call [ relating to the Incident described in Event Chronology -- D16110518835]. (Include PD304-152B AIDED REPORT WORKSHEET for Cadavid, Trigueno, and Hornandez) | November 5th, 2016 | October 20th, 2020 |
| 41 | Produce complete unredacted copies of electronic access logs, assignment, and process logs for AIDED reports  [Event Chronology -- D16110518835]. | November 5th, 2016 | October 20th, 2020 |
| 42 | Produce complete unredacted copies of Internal Affairs Bureau (IAB) report # 2016-43035 | December 5th, 2016 | October 20th, 2020 |
| 43 | Produce complete unredacted copies of Audio and video recordings recorded by officers' body worn cameras from 6PM to 9PM November 5th 2016. | November 5th, 2016 | November 5th, 2016 |
| 44 | Produce complete unredacted copies of Audio and video recordings recorded by officers' vehicle mounted cameras from 6PM to 9PM November 5th 2016. | December 5th, 2016 | October 20th, 2020 |
| 45 | Produce complete unredacted copies of Audio recordings of Plaintiff's recorded complaint in Internal Affairs Bureau (IAB) report # 2016-43035 (recorded by officers P.O. Wang [24867] and P.O. Jean-Paul [29671]) | December 5th, 2016 | October 20th, 2020 |
| 46 | Produce complete unredacted copies of electronic access logs, assignment, and process logs for Internal Affairs Bureau (IAB) report # 2016-43035 | December 5th, 2016 | October 20th, 2020 |
| 47 | Produce complete unredacted copies of Audio recording of 911 call from 917-353-9675 tied to Event Chronology -- D16110518835 | November 5th, 2016 | November 5th, 2016 |
| 48 | Produce complete unredacted copies of Audio recording of 911 call from 718-813-9099 tied to Event Chronology -- D16110518835 | November 5th, 2016 | November 5th, 2016 |
| 49 | Produce complete unredacted copies of unredacted electronic access logs, assignment, and process logs for AIDED report | December 5th, 2016 | October 20th, 2020 |

6

| 50 | Report summarizing the number of hours of training received by categories relevant to NYPD (e.g., Use of Force, De-escalation techniques) | December 5th, 2016 | October 20th, 2020 |
|---|---|---|---|
| 51 | Produce complete unredacted copies of all "Use of Force" policy in place on 11/05/2016 relied on by defendants. | November 5th, 2016 | November 5th, 2016 |
| 52 | Produce complete unredacted copies of all "Use of Force" policy in place on 10/20/2020 relied on by defendants. | October 20th, 2020 | October 20th, 2020 |
| 53 | Produce complete unredacted copies of all "Domestic Incident" policy in place on 11/05/2016 relied on by defendants. | November 5th, 2016 | November 5th, 2016 |
| 54 | Produce complete unredacted copies of all "Domestic Incident" policy in place on 10/20/2020 relied on by defendants. | October 20th, 2020 | October 20th, 2020 |
| 55 | Produce complete unredacted copies of all policies that "authorize unwarranted search" that were in place on 11/05/2016 relied on by defendants. | November 5th, 2016 | November 5th, 2016 |
| 56 | Produce complete unredacted copies of all policies that "authorize unwarranted search" that were in place on10/20/2020 relied on by defendants. | October 20th, 2020 | October 20th, 2020 |
| 57 | Produce complete unredacted copies of the Training manual for the evaluation system in place on 11/05/2016 (i.e., the system that should have applied to Cadavid and Trigueno). | November 5th, 2016 | November 12th, 2016 |
| 58 | Produce complete unredacted copies of the Training manual for the evaluation system in place on 10/20/2020 (the system that should now apply to Cadavid and Trigueno.) | November 5th, 2016 | October 20th, 2020 |
| 59 | Produce complete unredacted copies of the Training manual for the evaluation system in place on 11/05/2016 (i.e., the system that should have applied to Cadavid and Trigueno) for handling Domestic Incidents involving children. | November 5th, 2016 | November 12th, 2016 |
| 60 | Produce complete unredacted copies of the Training manual for the evaluation system in place on 10/20/2020 (the system that should now apply to Cadavid and Trigueno.)  for handling Domestic Incidents involving children | November 5th, 2016 | October 20th, 2020 |
| 61 | Produce complete unredacted copies of the Supervisor's version of the Training manual for the evaluation system in place on 11/05/2016 ( the system that should have applied to Cadavid and Trigueno.) | November 5th, 2016 | November 5th, 2016 |
| 62 | Produce complete unredacted copies of the Supervisor's version of the Training manual for the evaluation system in place on | October 20th, 2020 | October 20th, 2020 |

7

| | | | |
|---|---|---|---|
| | 10/20/2020 ( the system that should now apply to Cadavid and Trigueno.) | | |
| 63 | Produce complete unredacted copies of the Captain's version of the Training manual for the evaluation system in place on 11/05/2016 ( the system that should have applied to Cadavid and Trigueno.) | November 5th, 2016 | November 5th, 2016 |
| 64 | Produce complete unredacted copies of the Captain's version of the Training manual for the evaluation system in place on 10/20/2020 ( the system that should now apply to Cadavid and Trigueno.) | October 20th, 2020 | October 20th, 2020 |
| 65 | Produce complete unredacted copies of all insurance policies under which NYPD officer Cadavid is covered (including coverage provided by personal, Union, Pension, and by the City of New York). | November 5th, 2016 | October 20th, 2020 |
| 66 | Produce complete unredacted copies of all insurance policies under which NYPD officer Trigueno is covered. (including coverage provided by personal, Union, Pension, and by the City of New York). | November 5th, 2016 | October 20th, 2020 |
| 67 | Produce complete unredacted copies of Police officer Certifications for NYPD Officer Jose Cadavid. | November 5th, 2011 | October 20th, 2020 |
| 68 | Produce complete unredacted copies of Police officer Certifications for NYPD Officer Trigueno. | November 5th, 2011 | October 20th, 2020 |
| 69 | Produce complete unredacted copies of log of searches of Plaintiff's name and alias in all NYPD police information repositories/databases/files/FOIA_requests/ (Wentworth Rattray, Gary Rattray) | November 5th, 2016 | October 20th, 2020 |
| 70 | Produce complete unredacted copies of unredacted event in NYPD police Officer Cadavid's log book pertaining to the incident at 42 West 120th Street November 5th, 2016 to October 20th, 2020. | November 5th, 2016 | October 20th, 2020 |
| 71 | Produce complete unredacted copies of unredacted event in NYPD police Officer Trigueno's log book pertaining to the incident at 42 West 120th Street November 5th, 2016 to October 20th, 2020. | November 5th, 2016 | October 20th, 2020 |
| 72 | Produce complete unredacted copies of NYPD police Officer Cadavid's medical record including psychological evaluation, physical examinations, drug screenings, and substance abuse treatment and counseling. | November 5th, 2016 | October 20th, 2020 |

8

| | | | |
|---|---|---|---|
| 73 | Produce complete unredacted copies of NYPD police Officer Trigueno's medical record including psychological evaluation, physical examinations, drug screenings, and substance abuse treatment and counseling. | November 5th, 2016 | October 20th, 2020 |
| 74 | Produce complete unredacted copies of all NYPD systems containing personal identifying information (PII) on Wentworth Rattray including a) date and time of initial entry b) the name and title of the person creating the records. | November 5th, 2016 | October 20th, 2020 |
| 75 | Produce complete unredacted copies of all searches in all NYPD systems for information on Wentworth Rattray in each system including a) date and time of search b) the name and title of the person searching for the records. | November 5th, 2016 | October 20th, 2020 |
| 76 | A listing of all electronic access logs to the information for Wentworth Rattray in each system including a) date and time of electronic access logs, b) the name and title of the person electronic access logging the records, duration of the electronic access logs. | November 5th, 2016 | October 20th, 2020 |
| 77 | Produce complete unredacted copies of NYPD policy for proper police conduct for searches of homes. [2016] | November 5th, 2016 | November 5th, 2016 |
| 78 | Produce complete unredacted copies of NYPD policy for proper police conduct for searches of homes. [2020] | October 20th, 2020 | October 20th, 2020 |
| 79 | Produce complete unredacted copies of NYPD policy for proper police documentation of searches of homes. [2016] | November 5th, 2016 | November 5th, 2016 |
| 80 | Produce complete unredacted copies of NYPD policy for proper police documentation of searches of homes. [2020] | October 20th, 2020 | October 20th, 2020 |
| 81 | Produce complete unredacted copies of programs, products, systems and equipment used by or available to Defendants that are supported by Federal funds including the design, building, or leasing of systems or equipment and training (e.g., body cameras, surveillance equipment, cell phones, constitutional law, tactical, and/or ethics training). | August 5th, 2011 | November 5th, 2016 |
| 82 | Produce complete unredacted copies of each source of Federal funds used to train and equip defendants including the design, building, or leasing of systems or equipment and training (e.g., body cameras, surveillance equipment, cell phones, constitutional law, tactical, family friendly policies (US Code TITLE 42—3796jj–7. Definitions), and/or ethics training). | November 5th, 2014 | November 5th, 2016 |
| 83 | Reports of all investigations made by NYPD into Plaintiff's allegation of wrongdoing by NYPD Officer Cadavid. Including 1) | November 5th, 2014 | November 5th, 2020 |

9

Internal investigative reports to support Attorney General inquiries and investigations, 2) IAB report # 2016-43035 (12/09/2016), Statements made during investigation of IAB report, 3) Department level investigations reports, witness statements, investigator's notes, and write-ups

| | | | |
|---|---|---|---|
| 84 | Produce complete unredacted copies of every notification concerning deficiencies in performance, in training, and in supervision of NYPD personnel made known to NYPD or to the City of New York (i.e., from audits, judicial findings, CCRB findings, court appointed monitors, etc.). | November 5th, 2014 | October 20th, 2020 |
| 85 | Produce complete unredacted copies of unredacted event in NYPD police Officer Cadavid's Detention reports pertaining to the incident at 42 West 120th Street 11/5/2016 to 10/20/2020. | November 5th, 2016 | October 20th, 2019 |
| 86 | Produce complete unredacted copies of unredacted event in NYPD police Officer Cadavid's Stop and frisk reports pertaining to the incident at 42 West 120th Street 11/5/2016 to 10/20/2020. | November 5th, 2016 | October 20th, 2020 |
| 87 | Produce complete unredacted copies of unredacted event in NYPD Shift Logs pertaining to or covering the period of the Incident at 42 West 120th Street November 5th, 2016 to November 5th, 2017. | November 5th, 2016 | November 5th, 2017 |

**Dated**: November 5th, 2020
New York, New York

Sincerely,

Wentworth Rattray, pro se

Wentworth Rattray, Pro Se
42 West 120th Street, #3C
New York, NY, 10027
917-353-9675
garyrattray@yahoo.com

**TO**: New York City
Corporation Counsel Office
Kathleen D. Reilly
100 Church Street, 4th floor
New York, NY 10007

PO CaDavid - Shield #9085 and
PO Alyssa Trigueno
NYPD 28th Pct.
2271-89 8th Ave
New York, New York, 10027-5319

10