| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Discovery Motion– **Status letter to the Court** – Including Plaintiff and Defendant input |

WENTWORTH RATTRAY

                    Plaintiff,

-**against**-

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;

POLICE OFFICER ALYSSA TRIGUENO, IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

                    Defendants,

INDEX #: **17 CV 8560**

New York Law Dept. #: _____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2021

I am Wentworth Rattray, Pro Se plaintiff in a suit alleging, among other things, unlawful search and seizure and unlawful arrest against NYPD Police Officer Jose Cadavid and failure to intervene against NYPD Police Officer Alyssa Trigueno (collectively, "defendants") in the above-referenced action.

In accordance with the Court's Order, plaintiff writes on behalf of both parties to provide this joint status letter.

**Plaintiff's Portion:**

The parties have been exchanging communications with some information included in informative files as required. Plaintiff continues to provide feedback to defendants where required.

1. Plaintiff has received an updated medical records release and will sign and return it after reviewing it.

2. Plaintiff has received defendant's responses and objections to plaintiff's request for admission and plaintiff still anticipates receiving additional documents and information.

3. Plaintiff has received defendants' responses and objections to plaintiff's first set of document requests and plaintiff still anticipates receiving additional meaningful information. Specifically, plaintiff submits that any prior or subsequent drug use, arrests, incarcerations, NYPD disciplinary proceedings, or other civil and criminal proceedings speaks to defendant's credibility and to Defendant's propensity to escalate or use unnecessary force in benign encounters.

4. Plaintiff has received and reviewed a stipulation and protective order. Plaintiff has not signed the current document and is hereby requesting that Defendants' City be removed as a party to the agreement. Plaintiff does not consent to "defendant City" being included as a party to this agreement in items 4 and 13 as the city is no longer a party to this case.

Plaintiff thanks the Court for its time and consideration in this matter.

**Defendants' Portion:**

Since the parties' February 12, 2021 conference, defendants have responded to all of plaintiff's discovery demands. Specifically, on February 19, 2021, defendants served their responses and objections to plaintiff's document requests and interrogatories, as well as the proposed stipulation and protective order, as discussed during the February 12, 2021 conference. On March 5, 2021, defendants served responses and objections to plaintiff's requests for admission for both Officer Cadavid and Officer Trigueno. Upon plaintiff's execution of the protective order and the endorsement by the Court, defendants will supplement their requests to requests that were pending the entry of the confidentiality stipulation.

Defendants are still waiting for plaintiff to execute and return the release for his medical records. On February 12, 2021, the Court instructed the undersigned to provide plaintiff with release for medical records. On February 16, 2021, the undersigned emailed plaintiff the release, with his medical provider and dates of treatment filled out. That day, plaintiff responded by email, refusing to sign the release as "they are too broadly worded and targeting my 'entire medical record' and not limited in scope." The undersigned responded, informing plaintiff that the release was an official form, which defendants are unable to alter to specify production of only mental health treatment. The undersigned inquired if plaintiff had sought any other medical treatment from this provider—if he had not obtained other medical treatment, his concern would be moot as would be no other medical records to dispute production. Plaintiff, however, failed to respond to that email; the undersigned emailed again on March 5, 2021 and March 23, 2021, which have also gone unanswered. <u>On March 25, 2021, the undersigned emailed plaintiff a more narrowly-tailored release, specifying the request is only for mental health treatment records. On March 29, 2021, plaintiff indicated that he received the updated medical records release, and will sign and return it after reviewing it. Defendants respectfully request the Court instruct plaintiff to sign and return the release by date certain</u>, or April 7, 2021.[1]

Moreover, while plaintiff responded to defendant's interrogatories, he has not responded to defendants' document requests. Specifically, defendants requested plaintiff execute an unsealing release pursuant to N.Y. CRIM. P. LAW §§ 160.50 and 160.55, in order to access any sealed records. As plaintiff is asserting a claim for false arrest in this case, and seeking money damages pertaining to this claim, plaintiff's prior and subsequent arrest history is relevant to the claims and defenses in this matter. Specifically, defendants submits that any prior or subsequent arrests and incarcerations may demonstrate that plaintiff's purported damages, particularly any damages for mental anguish attendant to arrest and imprisonment, were mitigated by any prior or subsequent incarcerations and/or encounters with the criminal justice system. <u>See Schiller v. City of New York</u>, No. 04 Civ. 7922 (KMK) (JCF), 2006 U.S. Dist. LEXIS 88854, *24 (S.D.N.Y. 2006) (interim order) ("the City correctly points out that documents detailing [plaintiff's] prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute claims regarding the cause and extent of emotional distress damages attributable to his [] arrest and confinement."). As such, defendants respectfully request the Court instruct plaintiff to respond to the document requests, including the provision of the § 160.50 release, by date certain, or April 14, 2021.

---

[1] Defendants note that, during the February 12, 2021 conference, the Court asked the parties to schedule plaintiff's deposition in April 2021. Defendants respectfully submit that, until the medical release is received and the records are obtained from the provider, defendants are unable to schedule plaintiff's deposition, as the mental health records are necessary to depose plaintiff. Defendants will endeavor to obtain the medical records expediently, but any delay in the receipt of the records may delay the scheduling of the deposition.

2

**Conclusion**

The parties thank the Court for its time and consideration in this matter.

**Dated**: March 31st, 2021　　　　　　　　　　Sincerely,
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　Wentworth Rattray, Pro Se
　　　　　　　　　　　　　　　　　　　　　　　42 West 120th Street, #3C
　　　　　　　　　　　　　　　　　　　　　　　New York, NY, 10027
　　　　　　　　　　　　　　　　　　　　　　　917-353-9675
　　　　　　　　　　　　　　　　　　　　　　　garyrattray@yahoo.com

**TO**: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

> **Plaintiff is hereby ordered to execute the medical release Defendant provided to him on March 25, 2021 by <u>Thursday, April 15, 2021</u>. Further, the Court hereby schedules a telephonic Discovery Conference in this case for <u>Wednesday, May 12, 2021 at 3:00 p.m.</u> Plaintiff and Defense counsel should call the Court's conference line at the stated time using the following information: <u>dial (866) 434-5269; access code 4858267</u>.**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
4/1/2021