USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/14/2021

2018-047645
SF- K. Reilly

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WENTWORTH RATTRAY,

                              Plaintiff,

           -against-

POLICE OFFICER JOSE CADAVID, BADGE NO. 9085,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
POLICE OFFICER ALYSSA TRIGUENO, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY,

                              Defendants.

-------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

17 Civ. 8560 (PGG) (KHP)

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

4. Any documents produced by a non-party by request or pursuant to a subpoena in this Matter and that are designated as Confidential Materials by defendant City shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

5. Defendants reserve the right to designate any document confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such documents to Plaintiff.

6. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by

the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Deposition testimony and exhibits concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant City's use of its own Confidential Materials in any manner.

14. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

15. Where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. To the extent a party does intend to produce material designated as Confidential Information in accordance with a valid subpoena, or as otherwise required by law, such party must give advance notice to the party who designated the material confidential.

18. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed

19. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

SO STIPULATED AND AGREED.

WENTWORTH RATTRAY
*Plaintiff Pro Se*
42 West 120th Street, #3C
New York, NY, 10027

By: _____
Wentworth Rattray

Dated: 4/08/2021
SO ORDERED:

Dated:
New York, New York

MOHAMMED N HOSSAIN
NOTARY PUBLIC, STATE OF NEW YORK
01HO6358939
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 10, 20 21
date - 04-08-2021

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-186
New York, New York 10007

By: _____
Kathleen D. Reilly, Esq.

Dated: April 14, 2021

_____
KATHARINE H. PARKER, U.S.M.J.
April 15, 2021

-4-

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: 4/08/2021

_____ Pro Se.
Signed in the presence of:
W G Rattray, Pro Se.

_____
(Attorney)

MOHAMMED N HOSSAIN
NOTARY PUBLIC, STATE OF NEW YORK
01HO6356839
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES APRIL 10, 20__21

dated - 04-08-2021