USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

WENTWORTH RATTRAY,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK et al.

                          Defendants.

-----------------------------------------------------------------X

**17-CV-8560 (PGG) (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       This Court permitted Plaintiff to conduct a one-hour deposition of his child's mother and limited the topics for deposition. (ECF No. 165.) On October 15, 2021, the Court learned from Defendants that Plaintiff had noticed the deposition to occur on October 16, 2021. (ECF No. 171.)

       Federal Rule of Civil Procedure 30(b)(1) provides that a party who wishes to conduct a deposition "must give reasonable written notice to every other party." Rule 30(c) permits the other parties to attend and cross examine the deponent. Fed. R. Civ. P. 30(c). Although the Federal Rules do not require any specific minimum notice period, notice must be reasonable based on the facts and circumstances of the case. *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001); *Hannah v. Wal-Mart Stores, Inc.*, 2017 WL 690179 (S.D.N.Y. Feb. 21, 2017). A court may preclude introduction of deposition testimony at trial if sufficient notice was not provided to the other party. Rule 32 provides that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order" requesting that the deposition be taken at a different time or place and the deposition was taken while the motion for a protective order was pending. Fed. R. Civ. P. 32(a);

*F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (four days' notice of deposition sufficient under the circumstances; plaintiff located critical witness ten days before trial, learned witness was unavailable for trial, and notified defense counsel that deposition would be taken on four days notice; court did not abuse its discretion in permitting deposition testimony at trial).

Although in some circumstances less than two-weeks' notice is reasonable, one days' notice is clearly not reasonable given the circumstances of this case. *See, e.g., Jones v. United States*, 720 F. Supp. 355 (S.D.N.Y. 1989) (eight days of notice was reasonable); *Hannah v. Wal-Mart Stores, Inc.*, 2017 WL 690179 (D.CT. Feb. 21, 2017) (five days' notice of trial deposition unreasonable; precluding use of deposition at trial).  Plaintiff was given until October 28, 2021 to take the deposition and is aware of the location of his child's mother.  There is absolutely no reason he could not have provided two weeks' notice of the deposition to defense counsel. Plaintiff shall work with defense counsel to schedule a mutually convenient time for the deposition by October 28, 2021.  **By October 22, 2021**, the parties shall file a letter informing the Court of the agreed-upon date.

**The Clerk of the Court is directed to terminate ECF No. 171.**

**SO ORDERED.**

DATED:   October 18, 2021
         New York, New York

_Katharine H. Parker_
Katharine H. Parker
U.S. Magistrate Judge