USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

WENTWORTH RATTRAY,

                                  Plaintiff,

          -against-

THE CITY OF NEW YORK et al.

                                Defendants.

-----------------------------------------------------------------X

**17-CV-8560 (PGG) (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This long-running case is now at the final stages of discovery. Plaintiff requests reconsideration of this Court's decisions (1) denying his request for an extension of time to complete the deposition of Defendant Cadavid and grant of a protective order to Defendant to preclude further questioning about a domestic violence incident involving a family member (ECF Nos. 165-167.); (2) limiting the time allowed for a deposition of the mother of his child to one hour and the subject matter of the deposition (*Id*.); (3) denying Plaintiff's request to conduct written depositions of supervisors of the individual Defendant Officers (*Id*.). (ECF Nos. 170, 174.) Defendants' request that the Court revoke its prior Order granting Plaintiff permission to take a one-hour deposition of Plaintiff's child's mother and preclude Plaintiff from taking the deposition or relying on the witness at trial. (ECF No. 175.) The Court construes Defendants' motion as one for reconsideration.

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citing cases).

The Court denies these motions.  The Federal Rules of Civil Procedure give District Courts broad discretion to manage discovery.  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  The Court has discretion to limit the frequency and extent of use of discovery methods, including depositions, if the discovery is unreasonably cumulative or duplicative, if the party seeking discovery already has had ample opportunity to obtain the information sought, or if the burden or expense of the discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).

Plaintiff has not satisfied the standard for this Court to reconsider and reverse its prior Orders.  The Court has considered the Transcript and all other information submitted by Plaintiff but finds that Plaintiff has not offered controlling decisions or facts that alter the conclusions of this Court as to the appropriate scope of discovery in this matter.  The Court similarly finds that Defendants have not satisfied the standard for this Court to reconsider and reverse its prior Order permitting Plaintiff to take a one-hour deposition of his child's mother on limited topics.  The Court appreciates that the proposed witness has objected to being deposed and reported that Plaintiff has threatened her.  However, the witness herself has not submitted anything in writing to the Court seeking to quash a deposition subpoena or for a protective order.  Plaintiff is advised that if he has threatened the witness, any such threats are inappropriate and may result in sanctions.

As noted in the previous Order, the parties were directed to submit a status report to this Court advising it of the mutually agreed-upon deposition date.  The Court understands that

the parties are still attempting to land on a date on or before October 28, 2021 and trusts they will work cooperatively and promptly to finalize a date and time.  Because the deposition is limited to one hour, the parties and witness should be able to find a time by then.  Accordingly, the Court excuses the parties from submitting a letter regarding the time and date of the deposition; however, the parties should submit a letter by October 31, 2021 confirming that the deposition has been completed.

**The Clerk of the Court is directed to terminate ECF Nos. 170, 174, and 175.
SO ORDERED.**

DATED:   October 20, 2021
         New York, New York

_____
Katharine H. Parker
U.S. Magistrate Judge