

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/25/2021_

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

**GEORGIA M. PESTANA**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**ANDREY UDALOV**
*Assistant Corporation Counsel*
Phone: (929) 486-5724
Fax: (212) 356-3509
audalov@law.nyc.gov

October 23, 2021

**BY ECF**

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

    Re:  *Wentworth Rattray v. Police Officer Cadavid, et al.*,
      17-CV-8560 (PGG) (KHP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney for defendants Police Officers Jose Cadavid and Alyssa Trigueno in the above-referenced action. Defendants write to respectfully request clarification or reconsideration of the Court's Order of October 20, 2021 (the "Order") denying defendants' application for a protective order requesting, in part, the opportunity to examine the witness at the deposition to be conducted by plaintiff (ECF No. 176) (the "Application"). The Court did not expressly rule on that part of the Application in which defendants sought leave to examine the witness for one hour but ruled that the deposition should be conducted for no more than an hour, without reference to the party conducting the questioning.

    On October 22, 2021, defendants requested that plaintiff allow up to 30 minutes of the allotted time for defendants to question the witness after plaintiff's examination, if necessary. Plaintiff refused and indicated that he would use the entire one hour of time for his own questioning and that he did not consent to defendants' counsel asking any questions at deposition. The defendants' right to cross-examine any witness whose testimony is offered against them is fundamental to Due Process. Because the witness may become unavailable for trial, to preserve Due Process it is necessary for defendants to have the right to cross-examine the witness, if necessary, at deposition. Accordingly, defendants respectfully request that the Court clarify or, if necessary, reconsider its Order and rule that defendants shall have up to one-half of the allotted time for the deposition to examine the witness after plaintiff's questioning. Alternatively, defendants' respectfully request that the Court Order that they should be permitted to conduct their questioning of the witness at a later deposition of the witness of equal duration to plaintiff's deposition.

- 2 -

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Andrey Udalov* /s/

Andrey Udalov
Assistant Corporation Counsel

cc:    Wentworth Rattray, *Plaintiff Pro Se*
       (via ECF and email)
       42 West 120 Street, Apt. 3C
       New York, New York 10027
       garyrattray@yahoo.com

       The Witness (via email)
       (name and email is not stated for privacy)

> Defendants shall be permitted up to 30 minutes to cross examine
> the witness. To the extent Plaintiff uses a full hour, Defendants
> will be permitted up to an additional half hour.

**SO ORDERED:**

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
10/25/2021