USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

WENTWORTH RATTRAY,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK et al.

                                        Defendants.

-----------------------------------------------------------------X

**17-CV-8560 (PGG) (KHP)**

**OPINION**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

        Before the Court is Defendant's Letter-Motion to compel Plaintiff, pursuant to Federal

Rule of Civil Procedure 37(a), to (1) produce his communications with non-party witness and

the witness's husband and sister concerning this lawsuit and its underlying events; and (2) to

issue a Rule 45 subpoena to New York State Family Court for all Orders in the custody matter

between Plaintiff and the non-party witness.  For the following reasons, Defendant's Letter-

Motion is DENIED.

        Defendant's motion follows the deposition of Plaintiff's child's mother (non-party

witness) that occurred on October 26, 2021. [1]  Defendants contend that during this deposition,

the non-party witness testified that Plaintiff had threatened her with arrest if she did not

cooperate with his requests to participate in the deposition, and that Plaintiff also

communicated with her husband and sister about this case and the non-party's deposition.

(ECF No. 182.)  Defendants argue that this information is relevant to the credibility of the

---

[1] The Court presumes a familiarity with the background facts of this case. For a more complete recitation of the facts, *see* Report and Recommendation at ECF No. 87.

witness that Plaintiff has brought into the case, and the communications and all of the Family

Court orders Defendants seek may contain relevant admissions by Plaintiff.  (*Id.*)

"A district court has wide latitude to determine the scope of discovery." *In re Agent*

*Orange Prod. Liability Litig.,* 517 F.3d 76, 103 (2d Cir. 2008); *see also S.E.C. v. Rajaratnam,* 622

F.3d 159, 180–81 (2d Cir. 2010) (discussing discretion of district court to manage discovery).

Under the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the

case" Fed. R. Civ. P. 26(b)(1).  While discoverability is determined by the broad standard of

relevance, it is not a license for unrestricted discovery.  *See Oppenheimer Fund, Inc. v. Sanders,*

437 U.S. 340, 351 (1978); *Gucci Am., Inc. v. Guess?, Inc.,* 790 F. Supp. 2d 136, 139–40 (S.D.N.Y.

2011).  District courts may limit such discovery if they determine discovery is unreasonably

cumulative or duplicative, if the party seeking discovery already has ample opportunity to

obtain the information sought, if the discovery is proportional to the case, or if the burden or

expense of the discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1-2).  Importantly,

under Rule 16(b), district courts are required to enter scheduling orders "that limit the parties'

time to complete discovery."  *McKay v. Triborough Bridge & Tunnel Auth.,* No. 05 Civ. 8936(RJS),

2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007).  Reopening discovery after the discovery

period has closed requires a showing of good cause.  *Eng–Hatcher v. Sprint Nextel Corp.,* No. 07

Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008).

In this case, discovery has closed, Defendants have not shown good cause to reopen

discovery, and the discovery sought is not relevant or proportional to the needs of the case.  As

a preliminary matter, this long-running case has been pending for over four years and fact

discovery in this case closed on October 28, 2021. [2]  (See ECF Nos. 173 and 176.)  There has

been more than sufficient time to obtain relevant information.  The Federal Rules of Civil

Procedure give District Courts broad discretion to manage discovery.  *In re Subpoena Issued to*

*Dennis Friedman,* 350 F. 3d 65, 69 (2d Cir. 2003); *See also Serrano-Perez v. FMC Corp.*, 985 F.2d

625, 627-28 (1st Cir. 1993) ("[d]iscovery deadlines are necessary for the proper management of

cases.") (citation omitted).

Defendants contend the requested communications will provide evidence of bias and

are relevant to the credibility of the witness' testimony.  (ECF No. 182.)  While this could be

true, Defendants had an opportunity to cross examine the non-party witness during the

deposition, providing Defendants with ample information to assess the credibility of the

witness' testimony against all of the other discovery obtained in this case.  (*see* Order at ECF

No. 180.)  To request all of the communications between Plaintiff and the witness and her

family to show bias is overly broad and unnecessary.  Though the ambit of relevance under Rule

26 is broad, it is not unlimited, and this discovery is not proportional to the needs of the case.

*See, e.g.*, *Blagman v. Apple Inc.*, No. 12 CIV. 5453 ALC JCF, 2014 WL 1285496 (S.D.N.Y. Mar. 31,

2014); *See Villella v. Chem. & Mining Co. of Chile Inc*, No. 15 CIV. 2106 (ER), 2018 WL 2958361

(S.D.N.Y. June 13, 2018) ("Proportionality and relevance are 'conjoined' concepts; the greater

the relevance of the information in issue, the less likely its discovery will be found to be

disproportionate." (citation omitted)).

---

[2] The fact discovery deadline was extended to October 28, 2021, for the sole purpose of allowing Plaintiff to conduct the deposition of his child's mother.  (ECF No. 165.)

Additionally, Defendants request for all of the Orders issued by the New York State Family Court regarding the custody matter between Plaintiff and the witness, is also unreasonable.  Defendants do not even provide an explanation as to why *all* of the Orders are relevant.  *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9401102, at *2 (S.D.N.Y. Mar. 2, 2017) ("[T]o the extent a subpoena sweepingly pursues material with little or apparent [sic] or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." (first alteration in original) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996))); *See also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("Whether a subpoena imposes an "undue burden" depends on the relevance of the documents, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.")  In any event, the relevant Family Court order was produced in this matter.

Additionally, from the beginning of the case, Defendants could have requested Plaintiff's communications with the non-party witness, as well as confirm the viability of the visitation court order regarding Plaintiff's visitation rights for the day of the alleged incident.  There is no reason why the Defendants should be permitted to now receive this information at this late stage when the parties are in the midst of summary judgment briefing.

Overall, Defendants fail to show good cause to reopen discovery and also fail to show that the requested discovery is relevant or proportional to the needs of the case.  Therefore, Defendants motion (ECF No. 182.) is DENIED.

**SO ORDERED.**

DATED:      December 6, 2021
            New York, New York


_____
Katharine H. Parker
United States Magistrate Judge