

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREY UDALOV**
*Assistant Corporation Counsel*
Phone: (929) 486-5724
Fax: (212) 356-3509
audalov@law.nyc.gov

February 2, 2022

**BY ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Wentworth Rattray v. Police Officer Cadavid, et al.*, 17-CV-8560 (PGG) (KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and attorney for defendants Police Officers Jose Cadavid and Alyssa Trigueno in the above-referenced action. For the reasons set forth herein, defendants respectfully request the Court to: (i) reconsider its January 31, 2022 Order granting plaintiff's motion for the Court to "issue a Subpoena to compel a non-party, Connecticut witness to return the witness's attestation of the witness's 10/26/2021 deposition testimony"; and (ii) quash the subpoena issued today, February 2, 2022.

      **Procedural History:** On September 28, 2021, the Court extended discovery, over defendants' objection, for the "sole purpose of allowing plaintiff to conduct a deposition of the child's mother to question her about her communications with 911 and NYPD regarding the incident in question." (ECF No. 165) Plaintiff had not previously disclosed this non-party pursuant to Fed. R. Civ. P. 26(a) as a witness on which he intended to rely. On October 18, 2021, plaintiff requested a deposition subpoena to serve on the non-party witness. (ECF No. 172) The Court did not rule on that request and no subpoena was served on the witness.

      On October 26, 2021, the witness appeared voluntarily for a remote deposition at plaintiff's request. Plaintiff, however, used a court reporter who was not certified to administer the oath in Connecticut, where the witness was located, despite the Court previously ordering that the "plaintiff shall use a court reporter duly authorized in accordance with FRCP 28(a)(1)(A)" (*See* ECF No. 165)[1] Defendants objected and the parties contacted the Court, which ordered the parties to "proceed with the deposition and the witnesses shall be provided a copy of the transcript

---

[1] On September 13, 2021, defendants previously raised the issue with the Court when plaintiff attempted to depose PO Trigueno using a court reporter who was located in Canada and not certified to administer the oath anywhere in the United States. (ECF No. 160, at 3)

and an attestation form to be signed before a notary public in CT attesting to the truth of her answers provided during the deposition." (ECF No. 180)  The witness was never sworn and did not testify under oath.

At a status conference held on January 19, 2022, defendants informed the Court that they wished to respond to plaintiff's request for a subpoena compelling the non-party witness to attest to the truth of the statements in the transcript.  Following that conference, the Court issued a briefing schedule whereby plaintiff would submit a proposed order by January 26, 2022, and defendants would make any response by February 22, 2022.  (ECF No. 196)

Plaintiff did not timely comply with that Order, but unilaterally filed his request for the subpoena and proposed order on January 27, 2022.  (ECF No. 197)  On January 31, 2022, the Court granted plaintiff's request, without defendants having an opportunity to respond.  (ECF No. 196)  That same day, defendants filed an application asking the Court to reconsider its Order until defendants could respond to the motion on the scheduled date for their response, February 2, 2022. (ECF No. 199)  The Court has not ruled on defendants' January 31, 2022 application and, today, February 2, 2022, issued the subpoena requested by plaintiff.

**Personal Jurisdiction:**  The non-party witness has never been served with compulsory process and it is unclear whether she is within the jurisdiction of this Court.[2]  The "rules governing subpoenas and nonparty discovery have a clearly territorial focus." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998).  Pursuant to Fed. R. Civ. P. 45(c), a court may issue a subpoena commanding "a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."  At the time she appeared for the attempted deposition, the non-party witness stated that she was in Connecticut, but never provided an address.  Plaintiff has stated that his attempts to contact the witness have failed, and when he mailed the transcript to the witness it was "returned to sender, undelivered." (ECF No. 194, at 2)  Therefore, it is not clear where the witness currently resides or whether she can be found within the District or the 100 mile rule.

Although the witness appeared voluntarily for the attempted remote deposition, she answered questions only by telephone rather than by Zoom as was intended, and was never sworn. Accordingly, no actual deposition occurred pursuant to Fed. R. Civ. P. 30.  The witness, who was not represented by counsel, did not appear in person before the Court or otherwise consent to jurisdiction.  In any event, the October 26, 2021 Order concerns the status of the transcript for the purposes of this litigation.  It is not directed to the witness, nor does it mandate any action by the witness.  It merely provides that the witness shall have the opportunity to attest to the deposition under oath.  Accordingly, there is nothing that would place the witness under the jurisdiction of the Court as a result of that prior order.

**Lack of Rule or Statutory Authority:**  Plaintiff's requested relief lacks any authority or precedent. Pursuant to Fed. R. Civ. P. 45(a)(1)(iii), a party may subpoena a nonparty to: (1) "attend and testify;" (2) "produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control;" and (3) "permit the inspection

---

[2] During the January 19, 2022 conference, the Court asked defendants' counsel whether they agreed that the Court had jurisdiction to issue an order or subpoena to the witness of the sort plaintiff sought, and counsel reserved their response to that question.

of premises." But it does not permit a party to command a non-party to produce a sworn statement or an affidavit, or otherwise attest under oath to anything.

Of course, Federal Rule of Civil Procedure 30(e) provides for a procedure for a deposed witness to have an opportunity for 30 days to review a deposition transcript and sign any corrections to the transcript. Rule 30(e), however, is inapplicable here because: (i) the Rule does not require the witness to review or execute the transcript, and (ii) the Rule applies only to sworn depositions, which this was not. Defendants are unaware of any rule, statute or case law authorizing an order to any witness to review and attest to a prior statement.

Moreover, the Court cannot compel the non-party witness pursuant to enforcement of a subpoena because she was never served with a subpoena. Rather, she appeared to answer questions voluntarily, and plaintiff failed to obtain an appropriate court reporter. In fact, plaintiff failed to use an appropriate court reporter despite the Court's prior ruling that "plaintiff shall use a court reporter duly authorized in accordance with FRCP 28(a)(1)(A)." (ECF No. 165) Plaintiff chose not to adjourn the deposition in the absence of a proper court reporter, resulting in an order that also did not require the witness to take any action. As plaintiff indicated in his January 19, 2022 letter, he has been unable to obtain continued cooperation from the witness. (ECF No. 194)

The plaintiff's predicament is entirely caused by his repeated failures to conduct discovery in conformance with the federal rules. Because plaintiff previously relied on the voluntary cooperation of the witness, as the witness is no longer willing to voluntarily cooperate in a review and attestation of the transcript, the matter should end there. This is especially so because this witness was never disclosed under Fed. R. Civ. P. 26(a) during the course of discovery, and plaintiff's belated attempt to depose her, without the required court report, has resulted in prejudicial delay. The case should proceed to summary judgment without further burdens being placed on the non-party witness. Accordingly, plaintiff's application should be denied, and the issued subpoena should be quashed. (Should the plaintiff's case proceed to trial, plaintiff would have the opportunity to subpoena the witness for trial.)

**Objections to Service:** Defendants also object to the Court permitting plaintiff to serve the copy of the transcript and subpoena on the non-party witness by email, and to service by mail. Pursuant to Fed. R. Civ. P. 5(b)(E), service by email is proper if the recipient agrees to that type of service in writing. Here, there is no indication that the non-party witness consented to this service in writing and therefore such service would not be proper. *See Dalla-Longa v. Magnetar Capital LLC*, 19-CV-11246 (LGS), 2020 U.S. Dist. LEXIS 138712 at *3 (S.D.N.Y. Aug. 4, 2020) (service of notice by email was improper because the respondent did not consent in writing to service my email). Service by mail is also improper because there is no reason to believe that plaintiff has a correct address for the witness, and he has never indicated any address to the Court.

**Conclusion:** For these reasons, defendants respectfully request that the Court: (i) reconsider its Order of January 31, 2022; and (ii) quash the subpoena previously issued.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Andrey Udalov* /s/

Andrey Udalov
Assistant Corporation Counsel

- 4 -

cc: **E-mail/ECF**
 Wentworth Rattray, *Plaintiff Pro Se*
 garyrattray@yahoo.com