

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ANDREY UDALOV**<br>*Assistant Corporation Counsel*<br>Phone: (929) 486-5724<br>Fax: (212) 356-3509<br>audalov@law.nyc.gov |

April 4, 2022

**BY ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Wentworth Rattray v. Police Officer Cadavid, et al.*,
        17-CV-8560 (PGG) (KHP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants Police Officers Jose Cadavid and Alyssa Trigueno in the above-referenced action. For the reasons set forth below, defendants respectfully request that the Court preclude plaintiff from relying on non-party Wendy Sandy's unsworn deposition transcript in his anticipated opposition to defendants' motion for summary judgment and any prospective future proceedings.

    On September 28, 2021, the Court set a briefing schedule for defendants' summary judgment motion with defendants' moving papers due on December 6, 2021. (ECF No. 165) In that same Order, the Court, in connection with plaintiff's anticipated deposition of Ms. Sandy, required plaintiff to "use a court reporter duly authorized in accordance with FRCP 28(a)(1)(A)" (ECF No. 165) In addition, the Court extended discovery, over defendants' objections, for the sole purpose of allowing plaintiff to conduct a deposition of Ms. Sandy. (*Id.*) As defendants informed the Court, plaintiff had not disclosed Ms. Sandy in discovery as a witness upon whom he might rely. (ECF Nos. 168; 171) On October 26, 2021, in violation of the Court's Order, plaintiff attempted to depose Ms. Sandy remotely, using a court reporter who was not certified to administer the Oath in Connecticut, where Ms. Sandy was located. Nor was the "reporter" certified to administer the Oath in New York where this litigation is pending. Defendants immediately raised this issue with the Court which ordered that "the parties shall proceed with the deposition and the witnesses shall be provided a copy of the transcript and an attestation form to be signed *before a notary public in CT* attesting to the truth of her answers provided during the deposition." (ECF No. 180) (emphasis added). Accordingly, defendants proceeded with the deposition on the understanding that plaintiff would be required to obtain Ms. Sandy's *voluntarily* notarized signature under oath administered by a duly authorized notary. This would ensure not only that the transcript was correct but that Ms. Sandy was in fact swearing under oath to the testimony with similar safeguards as required by statute. (ECF No. 160, at 3)

On December 2, 2021, defendants requested additional time to file their summary judgment motion because, *inter alia*, more "than 30 days have elapsed since the witness was deposed and defendants still have not received either a copy of the transcript of the witness' deposition nor any attestation thereto" and requested that the Court set a deadline of December 15, 2021, for plaintiff to provide the attested deposition transcript of the witness. (ECF No. 183) On December 6, 2021, plaintiff requested a January 15, 2022 deadline to provide the attested copy of the deposition transcript. (ECF No. 185) On December 6, 2021, the Court granted defendants' request for an extension and adopted defendants' proposed revised briefing schedule but did not rule on the proposed deadline for plaintiff to provide an attested deposition transcript. (ECF No. 186) Additionally, the Court scheduled a teleconference for January 19, 2022. (*Id.*) Shortly before the January 19, 2022 conference, plaintiff filed a letter stating, *inter alia*, that "the witness has not yet returned the sign attestation of their deposition testimony and the witness has not yet responded to several attempts to contact the witness." (ECF No. 194) Following the conference, the Court issued the following Order: "Plaintiff must draft an order with directions for the non-party witness to provide attestation to the deposition transcript and upload it to ECF by January 26, 2022" and set a briefing schedule for defendants' opposition to the proposed order and for summary judgment (ECF No. 196) On January 27, 2022, plaintiff requested, *inter alia*, that the Court to issue a subpoena to compel Ms. Sandy to return her attestation of her deposition testimony. (ECF No. 197)

Notwithstanding the previously ordered briefing schedule, the Court granted plaintiff's application before the date set for defendants to respond. (ECF No. 198) On January 31, 2022, defendants moved the Court to reconsider its Order (ECF No. 198), in light of the prior Order allowing defendants until February 2, 2022 to respond to plaintiffs' motion. (ECF No. 199) The Court did not rule on that request. On February 2, 2022, the Court issued a subpoena as to Wendy Sandy and the defendants timely filed a motion for reconsideration and motion to quash the issued subpoena, relying in part on the Court's January 19, 2022 scheduling Order. (ECF No. 200)[1] The Court did not rule on defendants' motion.

On February 25, 2022, at 10:16 PM, defendants received an email from plaintiff with two attachments (attached as "Exhibit A") which stated: "Please see the attached documents that will be filed with the Court." One of the attachments contained four documents: (1) the cover page of the deposition transcript with handwriting at the top of the page stating "ATT Michael J. Klenovich,"; and (2) three pages purportedly from Ms. Sandy's deposition transcript that were purportedly signed by her. The second attachment was a purported proof of service document. On February 28, 2022, defendants responded to plaintiff's email as follows: "Defendants object to the plaintiff's use of these documents or the statements contained therein because, among other reasons, the signatures are not notarized. Additionally, if these documents were properly attested to under oath, a full copy of the document that was notarized would need to be provided to defendants (as well as the notary) as evidence of what was attested to before the notary. Furthermore, defendants reserve all objections to plaintiff's use of the transcript and the admissibility of the statements in the transcript." Plaintiff never responded to defendants' email.

It has now been over five months since Ms. Sandy's deposition and plaintiff has yet to provide defendants with a notarized copy of the deposition transcript as he was required to do by

---

[1] On February 15, 2022, defendants were notified of an "event type error" and notified to refile their opposition. (ECF No. 200) Defendants did so that same day. (ECF No. 203)

the Court's prior orders. Although plaintiff is *pro se*, he is nonetheless a sophisticated and knowledgeable litigant. Indeed, plaintiff has previously proceeded *pro se* in family court custody proceedings against Ms. Sandy who was represented by an attorney which concluded with the child living with the plaintiff and Ms. Sandy having visitation rights. (Pl. Dep. Tr. at 30: 13-25; 31: 1-11) (attached as "Exhibit B") Nevertheless, plaintiff has repeatedly flouted the federal rules and this Court's Orders. By way of example: (1) plaintiff failed to timely disclose the witness as someone he would rely on in accordance with Fed. R. Civ. P. 26(a)(1)(A); (2) plaintiff never served a subpoena for Ms. Sandy's deposition but instead threatened the witness with arrest in order to compel her involuntary attendance at a deposition (ECF No. 175); (3) plaintiff failed to obtain a court reporter certified to administer the oath where the witness was being deposed (Connecticut), despite federal law and the Court's express Order requiring that he do so (ECF No. 165); and (4) plaintiff has failed to obtain the required notarized signature despite having invoked this Court's power to do so, over defendants' objections on which the Court has never ruled. (ECF No. 194)

*Pro se* status notwithstanding, plaintiff should not be permitted to continue his blatant disregard of the Orders of this Court and the Federal Rules of Civil Procedure. "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). As Ms. Sandy's deposition transcript is unsworn, it is inadmissible hearsay and should not be considered for purposes of summary judgment or any other prospective proceeding. *See Medina v. City of New York*, 19 Misc. 3d 1121 (A) (N.Y. Sup. Ct. Apr. 18, 2008) (holding that "an unsworn statement is not competent evidence, and therefore, is deemed insufficient to either demonstrate summary judgment, or to raise a triable issue of fact. . . ." ); *Barlow v. Connecticut*, 319 F. Supp. 2d 250, 260 (D. Conn. 2004) ("Unsworn statements, letters addressed to litigants, and affidavits composed of hearsay and non-expert opinion evidence do not satisfy Rule 56(e) and must be disregarded."); *see also*, *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment").

Accordingly, defendants respectfully request that plaintiff be precluded from relying on Ms. Sandy's unattested-to deposition transcript in his anticipated opposition to defendants' motion for summary judgment and any prospective future proceedings. Defendants' motion is currently due on April 15, 2022, and defendants' respectfully request that, should the Court not rule on this application before April 6, 2022, defendants be allowed until two weeks after the Court's ruling to submit their motion.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Andrey Udalov* /s/
Andrey Udalov
Assistant Corporation Counsel

cc: **ECF**
Wentworth Rattray, *Plaintiff Pro Se*