```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WENTWORTH RATTRAY,

                              Plaintiff,                17-CV-8560 (PGG) (KHP)

              -against-                                      OPINION

THE CITY OF NEW YORK et al.

                              Defendants.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Wentworth Rattray brings this case against New York City Police Officers Jose Cadavid and Alyssa Trigueno. The officers responded to a 911 call by the mother of Plaintiff's child who claimed that Plaintiff was not permitting her to see their child. Although certain facts regarding the events in question remain in dispute, it is undisputed that Officer Cadavid entered Plaintiff's apartment without a warrant to conduct a brief search for the child and remained in the apartment for about an hour awaiting the arrival of a supervisor while Officer Trigueno remained outside the apartment. (*See* ECF Nos. 216, 217).

As part of discovery, Plaintiff sought to depose the mother—Wendy Sandy. The Court permitted Plaintiff to take the deposition after the close of discovery in light of his pro se status. (ECF No. 165.) Ms. Sandy, who resides in West Haven, Connecticut, agreed to be deposed without being subpoenaed but stated that she was threatened by Plaintiff with arrest if she didn't agree to be questioned.[1] (ECF Nos. 182; 204-1.) Plaintiff arranged for a video deposition of Ms. Sandy in Connecticut on October 26, 2021. Even though Plaintiff was advised of the

---

[1] West Haven, Connecticut is within 100 miles of the Southern District of New York and thus within the Court's subpoena power. Fed. R. Civ. P. 45(c).

1

need to have a properly certified court reporter, the court reporter he organized was in fact not authorized by federal law or Connecticut.[2] (ECF No. 180.)  The parties called the Court at the start of the deposition to discuss the issue regarding the court reporter, and the Court suggested that the questioning proceed, and that Plaintiff provide Ms. Sandy with a copy of the deposition transcript following the deposition and ask her to attest to its accuracy before a notary public so that the testimony could be used as sworn testimony in the case.  (*Id*.)  The deposition went forward, but after the deposition, Ms. Sandy did not cooperate with Plaintiff's request that she attest to the accuracy of the transcript before a notary public.

On January 31, 2022, in an attempt to assist Plaintiff, at Plaintiff's request, the Court permitted Plaintiff to serve a modified subpoena informing Ms. Sandy about the transcript, her right to note corrections in an errata sheet, and how to attest to the accuracy of the transcript.  (ECF No. 198.)  The modified subpoena stated that compliance was due by February 15, 2022.  (*Id*.)  Ms. Sandy did not comply with the subpoena, and Plaintiff has never provided a copy of the deposition transcript with a notarized attestation from Ms. Sandy.  Instead, he provided a copy of the transcript signed by Ms. Sandy on February 11, 2022.  (ECF No. 204-1.)  The signature is under a statement that says, "I have read my deposition and the same is true and accurate save and except for any corrections as made by me on the Correction Page herein."  The signature is not notarized.

On February 15, 2022, Defendants filed a letter requesting that the Court reconsider its January 31, 2022 order permitting Plaintiff to serve the subpoena, and requesting that the

---

[2] The court reporter had informed Plaintiff she was nationally certified and authorized to administer oaths, but she was not in fact authorized by federal law or Connecticut—the place of the examination.

Court quash the subpoena. (ECF No. 203.) To the extent Defendants objected to the subpoena and requested it be quashed, that request is now moot, as the time for compliance has passed, Ms. Sandy did not comply with the subpoena, and Ms. Sandy signed a statement attesting that the deposition transcript is true and accurate.

On April 5, 2022, Defendants filed a letter motion seeking an extension of time to file a summary judgment motion, and requesting that the Court preclude Plaintiff from relying on Ms. Sandy's deposition transcript in his then-anticipated opposition to Defendants' motion for summary judgment and any prospective future proceedings. (ECF No. 204.) The Court denied the requested extension of time and stated that it would address the second request at the same time it evaluates the motion for summary judgement. (ECF No. 205.)

Plaintiff now seeks to use the testimony of Ms. Sandy in opposition to Defendants' motion for summary judgment, particularly on the issue of whether there were exigent circumstances for Defendant Cadavid to enter his apartment to search for the child. Notably, Ms. Sandy stated on questioning that she denied telling either Defendant officer that she was concerned for her child's safety, that Plaintiff was a drug user, or that she saw drug dealers going into Plaintiff's apartment, and she explained during questioning that she was crying because Plaintiff was not giving her access to her child. (ECF No. 211-1.) These answers contradict the testimony of Defendant Officer Cadavid, who testified that Ms. Sandy told him she feared for her child's safety and that Plaintiff was a drug user and had drug dealers at his apartment. (ECF No. 207-3 at 6-7.) As the Court will shortly issue a separate opinion regarding the motion for summary judgment, it now turns to Defendant's request that Plaintiff be precluded from relying upon the deposition testimony in his opposition briefing.

Federal Rule of Civil Procedure 56 provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular materials in the record, which may include depositions, affidavits, or declarations. Fed. R. Civ. P. 56(c)(1)(A). A party may object that the material cited cannot be presented in a form that would be admissible as evidence. Fed. R. Civ. P. 56(c)(2). If a party fails to properly support an assertion of fact, the court may consider the fact undisputed for purposes of the motion, among other options. Fed. R. Civ. P. 56(e).

Federal Rule of Civil Procedure 30(b)(5) states that a deposition "must be conducted before an officer appointed or designated under Rule 28." The rule contemplates that deposition testimony be provided "under oath or affirmation" and recorded by such officer. Fed. R. Civ. P. 30(c)(1). An objection to the officer's qualification "must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2). Upon completion of a deposition, the "officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition." Fed. R. Civ. P. 30(f)(1). Here, there is no question that the court reporter for Ms. Sandy's deposition was not authorized to take sworn testimony under Rule 28 in Connecticut and that Defendants timely objected to her qualifications, and that Ms. Sandy never attested under oath or before a notary as to the accuracy of her testimony. Accordingly, the responses Ms. Sandy gave at her deposition cannot be considered sworn testimony.

However, Ms. Sandy signed her name under a statement that says, "I declare under penalty of perjury the following to be true: I have read my deposition and the same is true and accurate save and except for any corrections as made by me on the Correction Page herein."

(ECF No. 204-1.)  Accordingly, the deposition transcript is an unsworn declaration made under the penalty of perjury, pursuant to 28 U.S.C. § 1746.  It is not relevant that Ms. Sandy's signature was not notarized, because 28 U.S.C. § 1746 does not require that unsworn declarations made under the penalty of perjury be notarized.  Under federal law, unsworn declarations made under the penalty of perjury have the same evidentiary weight as affidavits.  28 U.S.C. § 1746; *see also Ruffin v. Rana*, 2013 WL 4834368, *8 (S.D.N.Y. Sept. 4, 2013); *Williams v. Elzy*, 2003 WL 22208349, *5 (S.D.N.Y. Sept. 23, 2003).  Thus, even though Plaintiff did not obtain a proper court reporter or a notarized attestation from Ms. Sandy, her testimony nevertheless can and should be considered in connection with the motion for summary judgment as an unsworn declaration pursuant to 28 U.S.C. § 1746.

For these reasons, Defendant's request at ECF 204 is denied.

**SO ORDERED.**

Dated: September 14, 2022
       New York, New York

*Katharine H. Parker*
_____
Katharine H. Parker
U.S. Magistrate Judge