UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| WENTWORTH RATTRAY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| THE CITY OF NEW YORK, POLICE OFFICER | : | 17-CV-8560 (PGG)(KHP) |
| JOSE CADAVID (BADGE NO. 9085), POLICE | : | |
| OFFICER SGT MERVIN BAUTISTA, and | : | |
| POLICE OFFICER ALYSSA TRIGUENO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## JOINT PRETRIAL ORDER

Plaintiff Wentworth Rattray ("Plaintiff" or "Mr. Rattray") and Defendants Police Officer

Jose Cadavid ("Cadavid") and Police Officer Alyssa Trigueno ("Trigueno," and collectively with

"Cadavid", the "Defendants"), submit this Joint Pretrial Order pursuant to Rule 16 of the Federal

Rules of Civil Procedure and Section X.A of the Court's Individual Practices.:

1. **FULL CAPTION OF THE ACTION**

The parties propose the following caption: *Wentworth Rattray v. Police Officer Jose*

*Cadavid (Badge No. 9085) and Police Officer Alyssa Trigueno*, No. 17-cv-8560 (PGG)(KHP)

2. **TRIAL COUNSEL**

   A. **For Plaintiff**

   **DUANE MORRIS LLP**

   Melissa S. Geller
   1540 Broadway
   New York, NY 10036
   Tel: (212) 692-1077
   Fax: (973) 556-1562

   Y. Katie Wang
   230 Park Ave, Suite 1130

New York, NY 10036
Tel: (212) 404-8740
Fax: (212) 656-1819

Angela J. Benoit
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: (857) 488-4227
Fax: (857) 403-3036
(*admitted pro hac vice*)

**B.    For Defendants**

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

By:    Felix De Jesus, Esq.[1]
       100 Church Street, Room 3-213
       New York, New York 10007
       (212) 356-2377

**3.    SUBJECT MATTER JURISDICTION**

Plaintiff's Statement of Jurisdiction: This is a civil rights action under 42 U.S.C. § 1983

and the Fourth Amendment to the Constitution of the United States for unlawful search and false

arrest against Defendant Cadavid and failure to intervene against Defendant Trigueno arising

from an incident that occurred on November 5, 2016 at Plaintiff's residence.  This Court has

original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

This Court has venue over this action pursuant to 28 U.S.C. § 1391(b) and (c).

Defendants do not contest the Court's jurisdiction or venue.

**4.    SUMMARY OF CLAIMS AND DEFENSES**

---

[1] Additional defense counsel will be appointed prior to trial.

## A.    Plaintiff's Summary of Claims

Plaintiff will pursue at trial the following claims:

(1) A § 1983 claim against Defendant Cadavid for depriving Plaintiff of civil rights guaranteed by the Fourth Amendment to the Constitution of the United States for the unreasonable and unlawful search of Plaintiff's residence;

(2) A § 1983 claim against Defendant Cadavid for depriving Plaintiff of civil rights guaranteed by the Fourth Amendment to the Constitution of the United States for the false arrest of the Plaintiff;

(3) A § 1983 claim against Defendant Trigueno for failure to intervene with respect to Defendant Cadavid's alleged unlawful search of Plaintiff's residence; and

(4) A § 1983 claim against Defendant Trigueno for failure to intervene with respect to Defendant Cadavid's alleged false arrest of Plaintiff.

On September 10, 2019, the Court dismissed all claims against the City of New York and Defendant Mervin Bautista consisting of: state law claims for intentional infliction of emotional distress, and respondeat superior liability, § 1985 claim for conspiracy; and municipal and supervisory liability.  The Court further dismissed claims under § 1983 against Defendant Jose Cadavid and Defendant Trigueno as follows: (1) due process violations, (2) excessive force, and as well as a § 1985 claim for conspiracy and state law claims for (1) assault, (2) battery, and (3) intentional infliction of emotional distress.

## B.    Defendant's Summary of Claims and Defenses

Claims to be Tried:
| | |
|---|---|
| 1) | 42 U.S.C. §1983 unlawful search claim against Officer Cadavid; |
| 2) | 42 U.S.C. §1983 false arrest claim against Officer Cadavid; and |
| 3) | 42 U.S.C. §1983 failure to intervene claim against Officer Trigueno based on the alleged unlawful search and |
| 4) | 42 U.S.C. §1983 failure to intervene claim against Officer Trigueno based on false arrest. |

Defenses to be Tried:

1) Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.
2) Defendants Cadavid and Trigueno did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.
3) Defendants Cadavid and Trigueno have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants Cadavid and Trigueno violated any act of Congress providing for the protection of civil rights.
4) To the extent plaintiff alleges state law claims, at all times relevant to the acts alleged in the third amended complaint, defendants Cadavid and Trigueno acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to immunity on plaintiff's state law claims.
5) There was probable cause for plaintiff's arrest and/or detention.
6) There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**Previously Asserted Defenses, Which Are Not to Be Tried**

7) To the extent plaintiff alleges a force claim, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others. By way of the Court Order dated September 10, 2019, all force claims have been dismissed. (ECF No. 72.)
8) The Court dismissed all state law claims, all claims against the City of New York, and all claims against Sergeant Bautista pursuant to its Order dated September 10, 2019. (ECF No. 72.)

## 5.    ELEMENTS OF THE CLAIMS AND DAMAGES SOUGHT

### A.    Plaintiff's Issues of Law

Plaintiff brings his claims against Defendants Cadavid and Trigueno pursuant to 42

U.S.C. § 1983.  To succeed on such claims, Plaintiff must prove that (i) that Defendants Cadavid

and Trigueno acted under color of state law and (ii) that while acting under color of state law,

Defendants Cadavid and Trigueno deprived Plaintiff of a federal constitutional right.

Plaintiff's claims against Defendant Cadavid stem from the events that took place on November 5, 2016 whereby Defendant Cadavid entered Plaintiff's home without a warrant and conducted an unreasonable search of the premises and conducted an unlawful arrest of Plaintiff in violation of the Fourth Amendment of the United States Constitution.

The Fourth Amendment bars unreasonable searches and seizures. U.S. CONST. Amend. IV. To succeed at trial on a claim for unlawful search, Plaintiff will be required to show that (i) Defendant Cadavid searched Plaintiff's residence, (ii) in conducting the search, Defendant Cadavid acted intentionally, and (iii) the search was unreasonable.

To succeed on a claim for unlawful arrest, Plaintiff must prove that (i) Defendant Cadavid intended to confine him, (ii) he was conscious of the confinement, (iii) he did not consent to the confinement, and (iv) that the confinement was not otherwise privileged.

Plaintiff asserts an additional claim against Defendant Trigueno for failure to intervene while Defendant Cadavid conducted the illegal search and false arrest of Plaintiff. To prove such a claim, Plaintiff must show that (i) Defendant Cadavid violated Plaintiff's constitutional rights under the Fourth Amendment, (ii) Defendant Trigueno had a duty to intervene, (iii) Defendant Trigueno had reasonable opportunity to intervene but (iv) failed to intervene.

### i.        Plaintiff's Damages

For each of the above claims, Plaintiff intends to seek compensatory damages in the amount of $471,969 in lost wages and $943,938 in pain and suffering, punitive damages in an amount to be determined by the jury, and attorneys' fees and costs based on Plaintiff's § 1983 claims, pursuant to 42. U.S.C. § 1988.

### B.        Defendant's Summary of Defenses

*See* Section 4 above.

### 6.        JURY TRIAL

This case will be tried to a jury.  The parties anticipate that the entire trial will take approximately three to four days.

### 7.    TRIAL BEFORE THE MAGISTRATE

The parties do not consent to a trial of the case by a magistrate judge.

### 8.    UNDISPUTED STATEMENT OF FACTS

Plaintiffs' Statement of Undisputed Facts:  Plaintiff proposed a list of undisputed facts that were largely drawn from the defendants' rule 56.1 statement.  Defendants removed those proposed undisputed facts.  For the Court's convenience, a list of the facts Plaintiff identified as undisputed based on prior representations by the defendants is contained below.

1. On November 5, 2016, Mr. Rattray resided in an apartment in New York City with his minor daughter, A.R..

2. Approximately between 6:30–6:45 p.m. on November 5, 2016, A.R.'s mother, Wendy Sandy, appeared at Mr. Rattray's home and requested to pick up their daughter.

3. Mr. Rattray encountered Ms. Sandy in his apartment lobby and informed Ms. Sandy that the child was not available.  Mr. Rattray then returned to his apartment.

4. At 6:49 p.m., Ms. Sandy proceeded to call 911.

5. Defendants Cadavid and Trigueno responded to the 911 call after receiving the information from the 911 dispatcher.

6. Defendants Cadavid and Trigueno arrived at Plaintiff's apartment, announcing themselves as police officers, and asked Mr. Rattray whether they could speak with him.

7.      Defendant Cadavid asked Mr. Rattray to open the door.

8.      Mr. Rattray refused to open the door.

9.      Officer Cadavid told Mr. Rattray that if he did not open the door, then he –

Defendant Cadavid – may take the door down.

10.     Eventually, Mr. Rattray opened the door at a 45-degree angle.

11.     Mr. Rattray was asked if he knew why the Defendants were there, if he was Gary

Rattray, to have his daughter come and talk to the officers, and have her go

outside.

12.     Mr. Rattray identified himself and responded in the negative.

13.     Mr. Rattray was asked if he knew who Ms. Sandy was and if she was the mother

of his child, to which Mr. Rattray responded that Ms. Sandy was the child's

mother.

14.     Defendant Cadavid informed Mr. Rattray that Ms. Sandy was there to pick up

their daughter.

15.     When Mr. Rattray advised that the child that lived with him was not home.

16.     While the Defendants continued to ask Mr. Rattray questions about his daughter's

whereabouts, Mr. Rattray attempted to terminate the conversation and proceeded

to close the door.

17.     Defendant Cadavid blocked the door from closing with his foot.

18.     Defendant Cadavid then entered Mr. Rattray's apartment after Mr. Rattray

attempted to close the door while Defendant Cadavid continued to make inquiries

into the whereabouts of the daughter.

19.     Defendant Cadavid searched the entire apartment, including in the child's room.

20.     Defendant Cadavid did not find Mr. Rattray's daughter during his search.

21.     Mr. Rattray demanded that Defendant Cadavid leave his apartment.

22.     Defendant Cadavid refused to leave the apartment.

23.     Defendant Trigueno remained outside the apartment door on the doormat in the hallway.

24.     Mr. Rattray called 911 and reported that the police were searching his home against his wishes and refusing to leave.

25.     Mr. Rattray remained on the phone with 911 until a New York Police Department supervisor arrived.

26.     Mr. Rattray waived inside the apartment with Defendant Cadavid until the supervisor arrived.

27.     Mr. Rattray spoke with the supervisor.

28.     The supervisor, Defendant Cadavid, and Defendant Trigueno then left the building.

**Defendants' statement as to undisputed facts**:  There are no agreed-upon stipulations of fact or law.

**9.     LIST OF WITNESSES**

The parties reserve all rights to challenge the testimony of any witness listed below.  The parties further reserve their rights to object to any witnesses not previously disclosed during discovery.

**A.     Plaintiff**

| Name | Category | Address |
|------|----------|---------|
| Wentworth "Gary" Rattray, Plaintiff | In Person | c/o Duane Morris LLP |

| Name | Category | Address |
|---|---|---|
| Police Officer Jose Cadavid, Defendant | In Person | c/o New York City Law Department |
| Police Officer Alyssa Trigueno, Defendant | In Person | c/o New York City Law Department |
| Lieutenant Filipp Khosh | In Person | c/o New York City Law Department |
| Wendy Sandy | In person if available, or by deposition if unavailable within the requirements set forth in Fed. R. Civ. P. 32 (a)(4) | 110 Prospect Ave, West Haven, Ct 06516 |
| Dr. Nishant Patel | In Person | 800 Poly Place Brooklyn, NY 11209 |

Plaintiff reserves the right to call any witness listed by the defense.

**B.      Defendants**

| Name | Category | Address |
|---|---|---|
| Wentworth "Gary" Rattray, Plaintiff | In Person | c/o Duane Morris LLP |
| Police Officer Jose Cadavid, Defendant | In Person | c/o New York City Law Department |
| Police Officer Alyssa Trigueno, Defendant | In Person | c/o New York City Law Department |
| Lieutenant Filipp Khosh | In Person | c/o New York City Law Department |
| Wendy Sandy | In person | 110 Prospect Ave, West Haven, Ct 06516 |

Defendants reserve the right to call at trial any witness listed by plaintiff. The foregoing witness lists are contingent on the Court's rulings before and during trial and the development of the evidence at trial.  The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes.  The parties reserve the right to not call listed witnesses or to supplement this witness list in the future.  Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial.  Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

10.    **DESIGNATION OF DEPOSITION TESTIMONIES**

    A.    **Plaintiff**

Plaintiff reserves the right to use the following portions of Ms. Sandy's deposition

testimony if she is unavailable within the requirements set forth in Fed. R. Civ. P. 32(a)(4).

| No. | Transcript | Page # Line # | Objection & Cross Designations |
|---|---|---|---|
| 1 | Transcript of Remote Deposition of Wendy Sandy, 10/26/2021 | 20:7-21:3; 24:11-25:17 | Inadmissible hearsay pursuant to (F.R.E. 801); Relevance (F.R.E. 402);<br><br>Cross Designations: 18:4-19:22; 20:3-20:6; 21:4-21:10; 25:18-27:4 |

    B.    **Defendants**

Defendants do not currently intend to offer any deposition testimony during their case in chief. In addition, defendants seek to preclude plaintiff from offering Wendy Sandy's testimony by deposition. *See* Defendants' *Motions in* Limine Point IX dated August 4, 2023. However, they reserve the right to designate the deposition testimony of any witness who is unavailable for trial or as cross designations or for impeachment purposes.

11.    **PARTY EXHIBITS**

    A.    **Plaintiff**

| Exh. # | Description | Bates #/ Page #; Line # | Objection |
|---|---|---|---|
| 1 | October 5, 2016 Family Court Order by the Hon. J. Machelle Sweeting | RATTRAY0041 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801) and Waste of Time. |
| 2 | October 24, 2016 Family Court Order by the Hon. J. Machelle Sweeting | RATTRAY0024 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801) and Waste of Time. |

| 3 | November 7, 2016 Family Court Order by the Hon. J. Machelle Sweeting | RATTRAY0023 | Not relevant (F.R.E. 402 and 403) *inter alia*, as the date of the Order is after the date of incident; and Confusing the Issue (F.R.E. 403); Authentication (F.R.E. 901); Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801) and Waste of Time. |
| 4 | December 22, 2016 Final Order of Custody and Visitation as Amended Entered by the Hon. J. Machelle Sweeting | RATTRAY0042 | Not relevant (F.R.E. 402 and 403) *inter alia*, as the date of the Order is after the date of incident; and Confusing the Issue (F.R.E. 403); Authentication (F.R.E. 901); Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801) and Waste of Time. |
| 5 | November 6, 2016 Email Chain from Wentworth Rattray | RATTRAY0001 | Not relevant (F.R.E. 402 and 403); Cumulative, in so far as expected testimony is sufficient; Authentication (F.R.E. 901); Hearsay (F.R.E. 801); and Waste of Time. |
| 6 | New York City Police Department Domestic Incident Report | D_00068 | Not relevant (F.R.E. 402 and 403); (F.R.E. 403) Cumulative, in so far as expected testimony is sufficient; Authentication (F.R.E. 901); Hearsay (F.R.E. 801); and Waste of Time. |
| 7 | NYS Domestic Incident Report | D_000133 | Not relevant (F.R.E. 402 and 403); (F.R.E. 403) Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); Authentication (F.R.E. 901); and Waste of Time. |
| 8 | Event Chronology – D16110518835 (911 Transcript)_ | D_00001 | Not relevant (F.R.E. 402 and 403); (F.R.E. 403) Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); Authentication (F.R.E. 901); and Waste of Time. |
| 9 | Wentworth Rattray Medical Records | [Documents produced by Defendants without Bates numbers] | As these documents are not listed, defendants cannot respond to their proposed inclusion and reserve the right to object. |

11

| 10 | Wentworth Rattray 2015 W2 | RATTRAY0025 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); Failure to Disclose under Fed. R. Civ. Pro. 26; and Waste of Time. |
| 11 | Wentworth Rattray 2016 W2 | RATTRAY0003 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); and Waste of Time. |
| 12 | Wentworth Rattray 2017 W2 | RATTRAY0005 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); and Waste of Time. |
| 13 | Wentworth Rattray 2018 W2 | RATTRAY0007 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); and Waste of Time. |
| 14 | Wentworth Rattray 2019 W2 | RATTRAY0014 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Failure to Disclose under Fed. R. Civ. Pro. 26; Hearsay (F.R.E. 801); and Waste of Time. |
| 15 | Wentworth Rattray 2020 W2 | RATTRAY0019 | Not relevant (F.R.E. 402 and 403); Authentication (F.R.E. 901); Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; Hearsay (F.R.E. 801); and Waste of Time. |

Plaintiff reserves the right to introduce any document into evidence that is identified as a possible exhibit by the defendants to the extent the documents are not admitted for a proper purpose.

### B.      Defendants

| Exh. # | Description | Bates #/ Page # & Line # | Objection |
|---|---|---|---|
| A | E911 Report dated November 5, 2016 | D_00001– D_00003 | Authentication; Hearsay (context dependent); 401/403 |
| B | Relevant Excerpts from Defendant Cadaivd's Memobook dated November 5, 2016 | Bates Nos. D_00004– D_00006 | Inadmissible hearsay not falling within an exception |
| C | Relevant Excerpts from Defendant Trigueno's Memobook dated November 5, 2016 | D_00007-– D_00010 | Inadmissible hearsay not falling within an exception |
| D | New York City Police Department 911 | D_00066 – D_00067 | Authentication; inadmissible hearsay not falling within an exception |
| E | New York City Police Department Domestic Incident Report | D_00068 – D_00070 | Hearsay |
| F | New York City Police Department Domestic Incident Report | D_000133 – D_000134 | Hearsay |
| G | I-CAD | D_000135 | Authentication; hearsay not falling within an exception |

Defendants reserve the right to use or introduce any exhibit listed by the plaintiff as well as any other exhibits not named herein should the need arise for impeachment purposes at trial. Defendants also reserve their right to supplement or amend their Exhibit Lists in light of rulings on *in limine* motions. Defendants further reserve their right to supplement or amend their objections when they receive pre-marked exhibits.

Dated: August 4, 2023

DUANE MORRIS LLP

/s/  Melissa S. Geller_____
Melissa S. Geller
Y. Katie Wang
1540 Broadway
New York, NY 10036
Tel: (212) 692-1000
Fax: (973) 556-1562
msgeller@duanemorris.com
kwang@duanemorris.com

Angela J. Benoit
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110
Tel: (857) 488-4227
Fax: (857) 488-4201
ABenoit@duanemorris.com
*(admitted pro hac vice)*

*Attorneys for Plaintiff*
*Wentworth Rattray*

/s/    *Felix De Jesus*_____
HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of N.Y.
100 Church Street
New York, New York 10007

By:    Felix De Jesus, Esq.
100 Church Street, Room 3-213
        New York, New York 10007
        (212) 356-2377