UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                          :
WENTWORTH RATTRAY,                                        :
                                                          :
                    Plaintiff,                            :
                                                          :
            v.                                            :
                                                          :   CIVIL ACTION NO.
THE CITY OF NEW YORK, POLICE OFFICER                      :   17-CV-8560  (PGG)(KHP)
JOSE CADAVID (BADGE NO. 9085),  POLICE                    :
OFFICER SGT MERVIN BAUTISTA, and                          :
POLICE OFFICER ALYSSA TRIGUENO,                           :
                                                          :
                    Defendant.                            :
                                                          :
———————————————————————

## PROPOSED REQUESTS TO CHARGE

Plaintiff  Wentworth Rattray ("Mr. Rattray") submits  the following  Joint Requests to

Charge pursuant to Rule 51 of the Federal Rules of Civil  Procedure.  Plaitniff  respectfully

request the right to review and submit  modifications  to the final charges prior  to submission  of

the case to the jury.

## PRELIMINARY INSTRUCTIONS

The following is a list of instructions generally applicable in civil trials that the parties request the Court to give in its customary manner:[1]

1. Role of the Jury

2. Role of Counsel

3. Role of Court

4. Complaint is Not Evidence

5. Witness Credibility

6. Preponderance of the Evidence and Burden of Proof

7. Direct and Circumstantial Evidence

8. Stipulations

9. Consider Each Count Separately

10. Conduct of Counsel

11. Juror's Notes

12. Duty to Deliberate

13. Duties of Foreperson

---

1 The Parties presume that the Court utilizes a set of jury charges for civil cases that conform to the Court's preferences. Should we be mistaken, the Parties are more than happy to draft a full set of instructions on the Court's request.

**Instruction 1: Rule of Court and Jury**

I have some instructions for your guidance as jurors in this case. All instructions are equally important and you must follow them all as a whole.

During this trial, you will hear the evidence, decide what the facts are, and apply those facts to the law that I will give you to reach a verdict. You and only you will be the judges of the facts and will decide what happened. You should not take anything I say or do during the trial as an indication of what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I will make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal rules that will guide you in your deliberations. You must follow the law as I explain it to you, whether you agree with it or not. If any attorney stated a legal principle differently from what I state to you in my instructions, it is my instructions that you must follow.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Civil Jury Instructions 1.1.

**Instruction 2: Parties**

This is a civil action brought by the plaintiff, Wentworth "Gary" Rattray, an individual residing in New York City.  The defendants in this case are two New York City police officers, Jose Cadavid and Alyssa Trigueno.

### Instruction 3: Credibility of Police Officers

The fact that the defendants are police officers must not affect your assessment of their credibility. The defendants' testimony should not be believed solely because they are police officers. At the same time, their testimony should not be disbelieved solely because they are police officers. A police officer's testimony is not entitled to any greater or lesser weight merely by virtue of the witness's status as a police officer. You should recall his demeanor on the stand, his manner of testifying, and the substance of his testimony and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater rights.

**AUTHORITY**

Adapted from Sand, et al., Modern Federal Jury Instructions, Civil Instructions 71-3, 71-5.

U.S. Third Circuit Model Civil Jury Instruction 1.7.

*McKinnon v. Superintendent, Greater Meadow Correctional Facility*, 422 Fed. Appx. 69, 2011WL 2005112, at *3 (2d Cir. May 24, 2011).

**Instruction 4: False in One, False in All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Criminal Jury Instructions 4.26.

## Instruction 5: Impeachment

You may also consider whether a witness said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness at some other time said or did or failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally rather than by mistake or accident or other innocent reason. You may consider whether the witness knowingly made a false statement or whether it was an innocent mistake, if the inconsistency concerns an important fact, or whether it had to do with a small or significant detail, the explanation for the inconsistency, and whether that explanation appeals to your common sense. It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency. You are not decide to accept as much of the witnesses' testimony as you deem true and disregard what you feel is false.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Civil Jury Instructions 2.1.

**Instruction 6: Section 1983 Introductory Instruction**

The plaintiff in this case, Mr. Rattray, is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under the color of state law.


**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.1.

## Instruction 7: Section 1983 Elements of Claim

Mr. Rattray must prove both of the following elements by a preponderance of the evidence:

First: Defendants acted under color of state law

Second: While acting under color of state law, Defendants deprived Mr. Rattray of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Mr. Rattray must prove to establish the violation of his federal constitutional rights.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.3.

## Instruction 8: Action Under Color of State Law

The first element of Mr. Rattray's claim is that Defendants acted under color of state law. This means that Mr. Rattray must show that Defendants were using power that the possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Because Defendants were at the relevant time acting as officials of the City of New York, I instruct you that they were acting under color of state law. In other words, this element of Mr. Rattray's claim is not in dispute, and you must find that this element has been established.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.4.

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.4.1.

**Instruction 9: Deprivation of a Federal Right**

I have already instructed you on the first element of Mr. Rattray's claim, which requires that he prove that the Defendants acted under color of state law.

The second element of Mr. Rattray's claim is that the Defendants deprived him of a federal constitutional right.

Mr. Rattray contends that Office Cadavid violated his Fourth Amendment Right under the United States Constitution by (1) falsely arresting him and (2) falsely searching his home. Mr. Rattray also contends that Defendant Trigueno violated his constitutional rights by failing to intervene in the false arrest and unlawful search.  I will turn to the elements of each claim momentarily.


**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.5; 4.12

## CLAIM ONE

### Instruction 10: False Arrest

Mr. Rattray is asserting claims for a false arrest against Defendant Cadavid in connection with an incident on November 5, 2016.

To prove a claim for false arrest, the plaintiff must prove that (1) the defendant intended to detain him, (2) the plaintiff was conscious of the detainment, (3) the plaintiff did not consent to the detainment, and (4) the detainment was not otherwise privileged. Elements (2) and (3) have been established by the plaintiff.

A plaintiff must show that they were "seized" or detained for purposes of the Fourth Amendment and that the seizure or detainment was sufficient to constitute an arrest. A person is "seized" when an officer even briefly restrains the person's right to walk away. A seizure constitutes a false arrest when an officer acts with an unreasonable level of intrusion given the totality of the circumstances. In evaluating the reasonableness and totality of the circumstances you may consider the amount of force used by the officer and need for force; the extent the plaintiff's freedom of movement was restrained; the number of officers involved; whether the plaintiff was suspected of being armed; the duration of the stop; and the physical treatment of the plaintiff.

The remaining issue is whether or not the Mr. Rattray has proven that his arrest was not privileged, meaning that the defendants were not authorized to arrest or detain him. This answer depends on whether or not the police officers had "probable cause" plus "exigent circumstances" to arrest Mr. Rattray in connection with the November 2016 incident. Let me explain to you what "probable cause" means first.

A law enforcement officer has probable cause if they have knowledge or reasonably trustworthy information of facts and circumstances sufficient to warrant a person of reasonable caution in the belief that the subject has committed or is committing a crime. The existence of probable cause is a complete defense to the plaintiff's claim for false arrest. An arrest is authorized and lawful where a law enforcement officer has knowledge or reasonably trustworthy information of facts and circumstances sufficient to provide probable cause to believe subject has committed or is committing a crime.

Probable cause requires more than mere suspicion, and it focuses on probabilities, not certainties. These probabilities are assessed by reference to the factual and practical considerations of everyday life on which reasonable and prudent people act. The existence of probable cause does not require evidence of criminality beyond a reasonable doubt or even by a preponderance of the evidence. It only requires such facts as would make wrongdoing probable.

In determining whether or not probable cause existed at the time of Mr. Rattray's arrest, you must examine all the evidence presented at trial and determine the facts of what actually happened, which may require you to resolve any factual disputes between the parties. Then, based on the facts as you find them, you must decide whether these facts, viewed from the standpoint of a reasonable police officer, amounted to probable cause to believe that Mr. Rattray had committed or was committing a crime.

The existence of probable cause, or lack thereof is not evaluated in a vacuum but in reference to specific alleged crimes. So long as there was probable cause to arrest Mr. Rattray for any potential crime, he cannot prevail on his claims for false arrest. Importantly, police officers are presumed to know the law governing their conduct.

The absence or presence of probable cause is judged according to the formal legal requirements of the alleged crimes for which a person may be arrested.  A police officer's personal, subjective understanding, or misunderstanding, of these requirements is not part of the probable cause analysis.  Exigent circumstances exist when there is an urgent need to render aid because someone is in distress, injured or threatened with imminent injury.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.12.

*Gerasimou v. Cillis*, No. 15-CV-6892 (EK) (VMS), 2022 WL 118748, at *3 (E.D.N.Y. Jan. 12, 2022); *Perez v. Duran*, 962 F. Supp. 2d 533, 538 (S.D.N.Y. 2013); *Scott v. City of Mount Vernon*, No. 14-CV-4441 (KMK), 2017 WL 1194490, at *18 (S.D.N.Y. Mar. 30, 2017); *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Bernshtein v. City of New York*, 496 F. App'x 140, 142 (2d Cir. 2012); *Simpson v. City of N.Y.*, 793 F.3d 259, 265 (2d Cir. 2015).

## CLAIM TWO

### Instruction 11: Elements of the Plaintiff's Unlawful Search

Mr. Rattray is asserting a claim for an unlawful search against Defendant Cadavid in connection with the November 5, 2016, incident whereby Defendant Cadavid entered Mr. Rattray's home and conducted a search of the apartment.  A search within the meaning of the Fourth Amendment of the Constitution occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.  In order for the protections of the Fourth Amendment to apply, a plaintiff must show that the areas searched and seized is one in which reasonable expectation of privacy.  The law recognizes that a person has legitimate expectation of privacy in his home.

The Fourth Amendment prohibits unreasonable searches and seizures in the absence of a warrant or an exception to the warrant requirement.  Similar to a warrantless arrest, exigent circumstances are an exception to the warrant requirement for searching an individual. A warrantless entry into an individual's home is reasonable if a law enforcement officer reasonably believes it is necessary to render emergency assistance to an injured occupant or to protect an occupant from imminent injury.  The core consideration is whether the facts as they appeared at the moment of entry would lead a reasonable, experienced officer to believe there was an urgent need to render aid or take actions.  The defendants bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.


**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.12.

*Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 381 (S.D.N.Y. 2013); *El-Nahal v. Yassky*, 993 F. Supp. 2d 460, 465 (S.D.N.Y. 2014); *Santagata v. Diaz*, No. 17CV3053PKCCLP, 2020 WL 1536347, at *7 (E.D.N.Y. Mar. 30, 2020); *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998); *Loria v. Gorman*, 306 F.3d 1271, 1283 (2d Cir. 2002); *Harris v. O'Hare*, 770 F.3d 224, 231-32 (2d Cir. 2014); *United States v. Simmons*, 661 F.3d 151, 157 (2d Cir. 2011).

## CLAIM THREE

## Instruction 12: Elements of Plaintiff's Failure to Intervene Claim

Mr. Rattray contends that Defendant Cadivad violated Mr. Rattray's constitutional rights and that Defendant Trigueno should be liable for that violation because she failed to intervene to stop the violations. Defendant Trigueno is liable for that violation if Mr. Rattray has proven all of the following four things by a preponderance of the evidence:

First: Defendant Cadavid violated Mr. Ratttay's constitutional right to be free from unreasonable searches and seizures.

Second: Defendant Trigueno had a duty to intervene. I instruct you that police officers have a duty to intervene to prevent the use of constitutional violations by a fellow officer.

Third: Defendant Trigueno had a reasonable opportunity to intervene.

Fourth: Defendant Trigueno failed to intervene.


## AUTHORITY

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.6.2.

*Flannery v. City of Rochester*, No. 22-CV-6101-FPG, 2022 WL 16856660, at *8 (W.D.N.Y. Nov. 10, 2022); *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Baker v. City of New York*, 551 F. Supp. 3d 258, 267 (S.D.N.Y. 2021).

**Instruction 13: Compensatory Damages**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants should be held liable. If you find the Defendants liable, then you must consider the issue of compensatory damages. You must award Mr. Rattray an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendants' conduct.

Mr. Rattray must show that the injury would not have occurred without the Defendants' acts or failure to intervene. Mr. Rattray must also show that the Defendants' acts or failure to intervene played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendants' acts or failure to intervene.

There can be more than one cause of an injury. To find that the Defendants' acts or failure to intervene caused Mr. Rattray's injury, you need not find that Defendants' acts or failure to intervene was the nearest cause, either in time or space. However, if Mr. Rattray's injury was caused by a later, independent event that intervened between Defendants' acts or failure to intervene and Mr. Rattray's injury, the Defendant is not liable unless the injury was reasonably foreseeable by the Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Mr. Rattray claims the following items of damages:

Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Mr. Rattray is reasonably certain to experience in the future.

The reasonable value of the medical psychological, hospital, nursing, and similar care and supplies that Mr. Rattray reasonably needed and actually obtained, and the present value of such care and supplies that Mr. Rattray is reasonably certain to need in the future.

The wages, salary, profits, reasonable value of the working time that Mr. Rattray has lost because of his diminished ability to work, and the present value of the wages that Mr. Rattray is reasonably certain to lose in the future because of his diminished ability to work.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.8.1.

## Instruction 14: Punitive Damages

In addition to compensatory or nominal damages, you may consider awarding Mr. Rattray punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Defendant acted maliciously or wantonly in violating Mr. Rattray's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly. A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he or she consciously desires to violate federal rights of which they is aware, or when they consciously desires to injure the plaintiff in a manner they knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully. A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that either Defendant acted maliciously or wantonly in violating Mr. Rattray's federal rights, then you may award punitive damages against that Defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive

damages unless you have found that either Defendant acted maliciously or wantonly in violating Mr. Rattray's federal rights.

If you have found that either Defendant acted maliciously or wantonly in violating Mr. Rattray's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish either Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendant from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those either Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the Defendant should be punished for their wrongful conduct toward Mr. Rattray, and the degree to which an award of one sum or another will deter Defendants or others from omitting similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. You should also consider the amount of harm actually caused by the defendant's act, as well as the harm the defendant's act could have caused and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish either Defendant, you should only punish the Defendant for harming Mr. Rattray, and not for harming people other than Mr. Rattray.  As I have mentioned, in considering whether to punish either Defendant, you should consider the nature of the Defendant's conduct – in other words, how blameworthy that conduct was.  In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy.  But if you consider evidence of harm the Defendant caused to people other than Mr. Rattray, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward Mr. Rattray was.  Do not punish a Defendant for harming people other than Mr. Rattray.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources.  Therefore, if you find that punitive damages should be awarded against Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

**AUTHORITY**

Adapted from U.S. Third Circuit Model Instructions for Civil Rights Claims Under Section 1983 4.8.3.

Respectfully submitted,

By: */s/ Melissa S. Geller*
Melissa S. Geller
1540 Broadway
New York, NY 10036
Tel: (212) 692-1077
Fax: (973) 556-1562

Y. Katie Wang
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
Telephone: (212) 404-8740
Facsimile: (212) 656-1819

Angela J. Benoit
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110
Tel: (857) 488-4227
Fax: (857) 488-4201

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

Dated: August 4, 2023             */s/ Melissa S. Geller*
                                  Melissa S. Geller

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WENTWORTH RATTRAY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CIVIL ACTION NO. |
| THE CITY OF NEW YORK, POLICE OFFICER | : 17-CV-8560 (PGG)(KHP) |
| JOSE CADAVID (BADGE NO. 9085), POLICE | : |
| OFFICER SGT MERVIN BAUTISTA, and | : |
| POLICE OFFICER ALYSSA TRIGUENO, | : |
| | : |
| Defendant. | : |

## PROPOSED SPECIAL VERDICT FORM

Please follow the instructions below and answer the questions in this form by indicating your responses with a check mark (✓).

**A.        UNLAWFUL DETENTION**

Question 1:    Did Defendant Police Officer Cadavid detain Plaintiff Wentworth Rattray on November 5, 2016?

Yes _____    No _____

*If you answered "yes" to question 1, answer the following question.*
*If you answered "no" to question 1, proceed directly to Section C.*

Question 2:    Was Plaintiff Wentworth Rattray conscious of the detention?

Yes _____    No _____

*If you answered "yes" to question 2, answer the following question.*
*If you answered "no" to question 2, proceed directly to Section C.*

Question 3:    Did Plaintiff Wentworth Rattray consent to the detention?

Yes _____    No _____

*If you answered "yes" to question 3, answer the following question.*

*If you answered "no" to question 3, proceed directly to Section C.*

Question 4:    Did Defendant Police Officer Jose Cadavid lack probable cause and exigent circumstances that justified the detention of Plaintiff Wentworth Rattray?

Yes _____    No _____

*If you answered "Yes" to the above questions, you have found for Plaintiff Wentworth Rattray that Defendant Police Officer Jose Cadavid violated Mr. Rattray's right to be free of unreasonable searches.*

*Proceed to Section B.*

**B.        UNLAWFUL SEARCH**

Question 1:    Was Defendant Police Officer Jose Cadavid acting under color of state law when he entered Plaintiff Wentworth Rattray's home on November 5, 2016?

Yes _____    No _____

*If you answered "yes" to question 1, answer the following question.*
*If you answered "no" to question 1, proceed directly to Section B.*

Question 2:    Did Defendant Police Officer Cadavid intentional search Plaintiff Wentworth Rattray's home on November 5, 2016.

Yes _____    No _____

*If you answered "yes" to question 2, answer the following question.*
*If you answered "no" to question 2, proceed directly to Section B.*

Question 3:    Did Defendant Police Officer Jose Cadavid lack probable cause to suspect wrongdoing when he searched Plaintiff Wentworth Rattray's home?

Yes _____    No _____

*Proceed to the next question.*

Question 4:    Did Defendant Police Officer Jose Cadavid lack exigent circumstances justifying a search of Plaintiff Wentworth Rattray's home?

Yes _____    No _____

*If you answered "Yes" to the above questions, you have found for*

*Plaintiff Wentworth Rattray on his claim that Defendant Police Officer violated Mr. Rattray's right to be free of unreasonable searches.*

*Proceed to Section C.*

## C.    FAILURE TO INTERVENE

Question 1:    Did Defendant Police Officer Cadavid violate Mr. Rattray's Constitutional right to be free from unreasonable searches?

Yes _____    No _____

*Proceed to Question 2.*

Question 2:    Did Defendant Police Officer Cadavid violate Mr. Rattray's Constitutional right to be free from unreasonable seizure (detention)?

Yes _____    No _____

*If you answered "Yes" to Question 1 or Question 2, proceed to Question 3. If you answered "No" to both Questions 1 and 2, proceed to Section D.*

Question 3:    Did Defendant Police Officer Trigueno have a reasonable opportunity to intervene?

Yes _____    No _____

*If you answered "yes" to question 3, answer the following question. If you answered "no" to question 3, proceed directly to Section D.*

Question 4:    Did Defendant Police Officer Trigueno fail to intervene?

Yes _____    No _____

*If you answered "Yes" to the above questions, you have found for Plaintiff Wentworth Rattray on his claim that Defendant Police Officer Trigueno violated her duty to intervene in the violation of a Constitutional right.*

*Proceed to Section D.*

## D.    DAMAGES

(Complete this section only if you have found in Plaintiff Wentworth Rattray's favor in

Section A, B, *or* C above.)

Question 1:    You must award Plaintiff Wentworth Rattray an amount of money in compensatory damages that will fairly and justly compensate him for the harm he suffered as a result of the unreasonable search or his home and/or for being unlawfully detained.

Compensatory damages for lost liberty: $ _____

Compensatory damages for physical pain and suffering: $ _____

Compensatory damages for mental and emotional distress: $ _____

*Proceed to Section E.*

## E.    PUNITIVE DAMAGES

(Complete this section only if you have found in Plaintiff Wentworth Rattray's favor in Section A, B, *or* C above.)

Question 1:    Did Defendant Police Officer Jose Cadavid and/or Defendant Police Officer Trigueno act with maliciousness or wantonly towards Plaintiff Wentworth Rattray's rights on November 5, 2016?

Defendant Police Officer Cadavid:    Yes _____    No _____

Defendant Police Officer Trigueno:    Yes _____    No _____

*If you answered "Yes" for either defendant, proceed to Question 8.*
*If you answered "No" for both defendants, your deliberations are*
*complete and you should answer no further question.*

Question 2:    You are permitted, but not required to, award Plaintiff Wentworth Rattray an amount of money for punitive damages. You can award Plaintiff Wentworth Rattray punitive damages in an amount you believe is necessary to punish Defendant Police Officer Cadavid and/or Defendant Police Officer Trigueno for their unlawful conduct, and/or to deter they and others from engaging in similar unlawful conduct in the future.

Defendant Police Officer Cadavid:    $ _____

Defendant Police Officer Trigueno:    $ _____

37

**After completing this form, the Foreperson should sign and date it, place it in an envelope, and inform the Marshal that the jury has reached a verdict.**

Dated: _____

_____
Signature of Foreperson