

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HANNAH V. FADDIS**<br>*Senior Counsel*<br>Phone: (212) 356-2486<br>Fax: (212) 356-1148<br>hfaddis@law.nyc.gov |

August 23, 2022

**VIA ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Wentworth Rattray v. City of New York, et al.,
              17 Civ. 8560 (PGG)

Your Honor:

      I am one of the attorneys representing defendants ("Defendants") in this matter. Defendants write to respectfully request that the Court issue an Order directing the Clerk of the Court to seal Docket Entry No. 265-1, with access limited to all parties and counsel in this action, and directing that any future filings incorporating confidential information be made under seal. The parties have conferred and plaintiff has indicated that he will provide a position on this request once it is filed.[1]

      On August 11, 2023, plaintiff's counsel filed a declaration in opposition to defendants' motions *in limine* which included a confidential document produced by the defendants in discovery. (ECF No. 265-1). This document is a disciplinary record—one page of the Central Personnel Index ("CPI") for defendant Officer Jose Cadavid— produced as confidential in this action. It concerns a 2017 off-duty incident involving Officer Cadavid. This document was produced subject to the stipulation of confidentiality and protective order in effect in this action (ECF No. 127, "Protective Order") and is marked accordingly. The Protective Order entered into by the parties in this case and endorsed by the Court provides, in relevant part, that, "The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action," and that "documents designated as

---

[1] This conferral took place by phone on August 22, 2023. Prior to this phone conversation, the parties also exchanged emails regarding this issue. Defendants have requested that plaintiff seek to have the materials removed from the docket or sealed, which requests have been denied.

"CONFIDENTIAL" shall not be disclosed to any person," except counsel, their employees, consultants, or the Court. (Protective Order, ¶¶ 2, 7).  Thus, in filing this document on the docket, which is publicly accessible, plaintiff has plainly and unquestionably violated core provisions of the Protective Order.  Moreover, plaintiff failed to comply with the Court's Individual Rules of Practice, in that he did not seek to have the materials filed under seal based on the confidentiality designation in order to provide defendants the opportunity to file "a letter explaining the need to seal or redact the materials." (Rule II(B)).

While this document was produced prior to the repeal of Gen. Mun. L. § 50-a, it is defendants' position that this particular document still warrants confidential treatment.[2]  While basic information regarding the subject matter of the document is publicly available, it is not clear that this *particular* NYPD record and the additional details contained therein are otherwise publicly available.  Indeed, Courts in this District continue to approve protective orders governing NYPD personnel and disciplinary records notwithstanding the repeal of § 50-a. See Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028 (S.D.N.Y. 2020), *2; Jones v. City of New York, No. 21 Civ. 10082 (MKV), 2023 U.S. Dist. LEXIS 87693, *15.  In upholding the default confidentiality of these documents under the Section 1983 Plan Protective Order, Judge Buchwald noted that "good cause exists independent of Section 50-a for the provisions of the Protective Order, including the specific treatment of NYPD personnel and disciplinary records as confidential." Elliot, at *12-13.  Upon information and belief, the CPI is not otherwise publicly available. Elliot, at *10.

In addition, even if the document itself were suitable for de-designation, which plaintiff never sought defendants' consent to, Your Honor's Individual Rules and the provisions of the Protective Order still prohibit plaintiff from filing information designated confidential on the docket without any interim protections or notice to the defendants.  Indeed, the Protective Order itself states that any challenge to a confidentiality designation must first be raised between the parties before being put before the Court. (Protective Order, ¶ 6).  At no time, however, did plaintiff alert defendants to his intention to use a confidential document in connection with motions *in limine*. To permit the plaintiff to effectively unilaterally de-designate confidential materials, which he has done here, would undermine the efficacy of these types of protective orders and the "free flow" of information they are meant to facilitate in discovery.

Accordingly, defendants respectfully request that the Court enter an Order sealing this docket entry (ECF No. 265-1), and directing that any future filings incorporating confidential information be made under seal in accordance with the Protective Order and Court's Individual Rules of Practice.

---

[2] Based on the parties' conferral, defendants anticipate that plaintiff may suggest there are no grounds to deem this document confidential based on the repeal of § 50-a and the public availability of some disciplinary records.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ *[signature: Hannah Faddis]*

Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

cc:  **VIA ECF**
*All Counsel of Record*

**MEMO ENDORSED:** The motion is denied without prejudice.  Defendants' sealing motion does not meet the requirements set out in this Court's Individual Rule of Practice II.B., which requires that "any redaction or sealing of a court filing [] be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents."  J. Gardephe Individual Rule II.B. (citing <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-20 (2d Cir. 2006)).  Defendants do not explain how sealing Officer Cadavid's disciplinary record complies with the <u>Lugosch</u> standard.  Further, to the extent that Defendants' motion is premised on a protective order issued in this case, Rule II.B. also provides that "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents."  Id. (citing <u>In re Gen. Motors LLC Ignition Switch Litig.</u>, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)).  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 268.

SO ORDERED.

*[signature: Paul G. Gardephe]*

Paul G. Gardephe
United States District Judge
 Date:  August 24, 2023

3