

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**FELIX DE JESUS**
*Assistant Corporation Counsel*
felixdej@law.nyc.gov
Phone: (212) 356-2377
Fax: (212) 356-1148

August 25, 2023

<u>VIA ECF</u>
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  <u>Wentworth Rattray v. Jose Cavadid, et al.</u>, 17-CV-8560 (PGG) (KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and, along with my co-counsel, represent defendants Jose Cadavid and Alyssa Trigueno in the above-referenced matter. Pursuant to the Court's August 23, 2023 Order, defendants write to address the admissibility of plaintiff's Exhibits 10 through 16, and defendants' position regarding plaintiff's medical records at ECF No. 260-9. *See* ECF No. 269.

    **I.**    <u>**Plaintiff's Purported Tax Records**</u>

      "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Records may be self-authenticating pursuant to 902(11), if they meet the criteria laid out in the Rule 803(6) business records test, or the requirements of 803(6) may be satisfied by the testimony of a qualified witness.

      Any statement offered "in evidence to prove the truth of the matter asserted in the statement" that "the declarant does not make while testifying" at trial constitutes hearsay. Fed. R. Evid. 801(c). Any document containing statements offered for their truth must satisfy one of the hearsay exclusions pursuant to Rule 801(d) or exceptions pursuant to Rule 803. Documents are commonly received in evidence pursuant to Rule 803(6) as business records, provided that admissible evidence is offered that the record was made contemporaneously, the record was kept in the regular course of business, and making the record was a regular practice or activity. *Id.* This evidence may be offered in the form of testimony by a custodian or other qualified witness, or by a certification that complies with Rule 902(11). *Id.* The admissibility of a document as a business record does not ensure the admissibility of its contents, however. Hearsay statements within business records must independently satisfy Rule 801(d) or Rule 803. Fed. R. Evid. 805; *See also*

*U.S. v. Kuo*, No. 10-CR-671(S-1) (KAM), 2011 U.S. Dist. LEXIS 4387, at *34 (E.D.N.Y. Jan. 18, 2011) (citing *U.S. v. Cruz*, 894 F.2d 41, 44 (2d Cir. 1990) (noting that multiple hearsay in business record was not admissible absent "showing that they fit within the hearsay within hearsay exception").

The plaintiff will not be able to satisfy either Rule 901(11) or 803. As an initial matter, plaintiff plainly intends to offer these documents—out of court statements—for the truth of their contents and, thus, they are hearsay. Accordingly, plaintiff must satisfy Rule 803 both in order to authenticate the documents, and in order to overcome the presumption against hearsay. These records are not accompanied by any certification which would satisfy the requirements of 803(6). Indeed, the fact that these documents were not accompanied by a routine certification is, of itself questionable. In his *in limine* opposition, plaintiff suggests only that he will testify to authenticate these purported records from the Internal Revenue Service. *See* ECF 264 (Pl. Opp'n to Defs. Mot. *In Limine*) at 12. However, upon information and belief, the plaintiff does not have personal knowledge of the methods by which these documents are created or maintained by the Internal Revenue Service. His anticipated testimony, as described in his own motion papers, is that he received the documents from the Internal Revenue Service. *See* ECF 264 (Pl. Opp'n to Defs. Mot. *In Limine*) at 12. Thus, the plaintiff will not be able to authenticate these documents or satisfy the business records exception to the hearsay rule. Accordingly, these documents must be precluded.

These documents are also not admissible as public records under 803(8). In *Jones*, upon which the plaintiff relies, the Second Circuit ruled that IRS tax transcripts were admissible based on the testimony of a competent witness—*i.e.*, an employee of the Internal Revenue Service. *See*, *U.S. v. Jones*, 958 F.2d 520 (2d Cir. 1992). That is, a competent witness was produced to testify as to the requirements of 803(8), in order to overcome the presumption against hearsay. Plaintiff himself is not qualified to offer such testimony. Moreover, even if the plaintiff could lay a foundation for admissibility under 803(8), the public records exception does not render the contents of the tax transcripts admissible. The Second Circuit and its District Courts have made clear that the public records exception does permit tax transcripts to be admitted wholesale for the truth of their contents. In *Jones* the Circuit "held that an IRS transcript was admissible under Rule 803(8)…to demonstrate that the defendant had filed her tax return without remitting payment[.]" *U.S. v. Stein*, 584 F. Supp. 2d 660, 662 (S.D.N.Y. 2008) citing *Jones*. Thus, *Jones* does not stand for the broad proposition espoused by the plaintiff that 803(8) would render the entire contents of a tax transcript non-hearsay. Thus, even if the documents themselves were deemed non-hearsay as public records, the plaintiff could not offer them to prove their contents, without those contents also meeting a separate hearsay exception.

Further, even if these documents were admissible as public records, and their contents satisfied another hearsay exception, Rule 803(8) does not obviate the need for authentication. In each of the cases cited by the plaintiff addressing the admissibility of IRS records, the records at issue were certified either by formal written certification or the testimony of a qualified witness. Plaintiff has not cited a single case in which IRS records were deemed admissible without a certification or the testimony of an IRS witness. Tax transcripts must be certified as correct to satisfy the authentication requirement. *U.S. v. Forma*, No. 88 Civ. 6458 (RWS), 1993 U.S. Dist. LEXIS 253, *12 (S.D.N.Y. 1993). While plaintiff argues that authentication is a low bar, not one of the cases he cites on this point stands for the proposition that the plaintiff himself is qualified to

authenticate records of the Internal Revenue Service. Because the plaintiff will not be able to authenticate these records, nor satisfy a hearsay exception, they should be excluded.

## II. Plaintiff's Medical Records

Defendants do not seek to preclude the medical records from the Department of Veterans Affairs, which were filed on August 7, 2023 at ECF No. 260-9. In defendants' Motion *in Limine*, defendants argued that "plaintiff lists, as Exhibit 9, 'Wentworth Rattray Medical Records'" and that "[t]o the extent plaintiff now plans to offer any unidentified medical records that were not previously produced to defendants during discovery, those records should be precluded."[1] ECF 257 (Defs. Mem.) at 15. Although the undersigned is unaware of exactly when defendants obtained copies of those medical records, defendants agree with plaintiff's account on how those medical records came into defendants' possession, *i.e.*, that defendants obtained plaintiff's medical records from plaintiff's providers pursuant to a HIPAA release. Thus, defendants do not seek to preclude the medical records filed at ECF No. 260-9.

However, as defendants were previously unaware of what medical records plaintiff sought to enter into evidence, defendants "reserve[d] the right to object." Therefore, defendants reserved the right to object to "Wentworth Rattray Medical Records" on hearsay (F.R.E. 801) and authentication (F.R.E. 901) grounds. Medical records not properly authenticated pursuant to 902(11) or (12), or admitted through testimony of a custodian or qualified witness that satisfies 803(6), must be excluded. *See Moran v Livingston*, 155 F. Supp. 3d 278, 285. (W.D.N.Y. 2016) (collecting cases).

Thank you for your consideration herein.

Respectfully submitted,

*Felix De Jesus*

Felix De Jesus
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA ECF**
      *All Counsel of Record*

---

[1] Prior to August 4, 2023, plaintiff's counsel did not provide the undersigned, who was assigned to this case on July 13, 2023, with the documents that plaintiff's counsel referred to as "Wentworth Rattray Medical Records" in their portion of the Joint Pre-Trial Order.